**Andrew A. Bao (SBN 247092)**
*aabao@ww.law*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone: (949) 475-9200**
**Facsimile: (949) 475-9203**

**Attorneys for Defendant**
**EMERGENCY AND ACUTE CARE MEDICAL CORP.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>Defendants. | CASE NO.: 3:21-CV-00841-BEN-RBB<br><br>Assigned to Hon. Roger T. Benitez<br>Courtroom: 5A<br><br>**DEFENDANT EMERGENCY AND ACUTE CARE MEDICAL CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS UNDER FRCP RULE 23**<br><br>Date: October 4, 2021<br>Time: 10:30 a.m.<br>Place: Courtroom 5A<br><br>Trial Date: None Set<br>Action Filed: April 30, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff alleges that co-defendant Progressive Management Systems ("Progressive") attempted to collect a debt on EACMC's behalf. There are no allegations that EACMC communicated with Plaintiff at any time regarding the debt or how it engaged in debt collection activity. There are no allegations Plaintiff paid EACMC any monies as a result of this activity. Accordingly, the Complaint alleges a "FDCPA class" against Progressive and not EACMC.

However, the Complaint alleges a putative class action entitled "State Law Class" against EACMC and Progressive (Complaint ¶43). As set forth herein, the Complaint fails to properly allege three of the four FRCP 23(a) factors and fails to allege all three of the FRCP 23(b) factors in order to proceed with the State Law Class allegations against EACMC. Further, the Complaint lacks the necessary allegations to demonstrate a class action is in the best interests of the proposed "State Law Class." Rather, any claim an individual may have against EACMC based on the Complaint's allegations are best adjudicated individually given the highly particularized nature of medical injuries and charges stemming therefrom.

Absent extraordinary circumstances, a court's decision on class allegations will not be overturned. At a bare minimum, it is premature to make such class action allegations against EACMC at this time, creating unnecessary burden and expense. Accordingly, EACMC hereby moves to strike all class allegations set forth against it.

## II. SUMMARY OF ALLEGATIONS

Plaintiff alleges a class involving EACMC as follows: 1) any California resident that received treatment from EACMC *and/or* received one or more communications from Progressive seeking payment; and 2) said CA resident was *either* out of network or uninsured at the time care was provide (Complaint ¶43).

Plaintiff alleges that Progressive is a privately held debt collection company (Complaint ¶¶8-9). In October 2018, Plaintiff allegedly underwent surgery on his

2
MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB
4026964.1

ankle and was uninsured at the time (Complaint ¶¶10-11). A third party, Sharp Memorial Hospital, allegedly misrepresented the out of pocket costs to Plaintiff by approximately $20,000.00 (Complaint ¶¶12, 14).

In January 2019, Plaintiff alleged sent written questions to "healthcare providers who rendered services to him October 2018" without specifying whether these written questions were sent to EACMC (Complaint ¶20). Sometime in 2019, Plaintiff then allegedly received a series of bills from "EA Health" requesting unspecified amounts be paid to EACMC (Complaint ¶15). On or about January 20, 2020, Plaintiff allegedly received a collection notice from Progressive for $2,759.51 (Complaint ¶17). On or about February 18, 2020, he received another collection notice from Progressive for $723 (Complaint ¶18).

Plaintiff alleges, that both EACMC and Progressive inflated the amounts owed as to the medical services provided (Complaint ¶22). Specifically, EACMC allegedly charged medical services at a much higher rate than insurers typically pay (Complaint ¶24). The Complaint further proceeds to allege how EACMC overcharged Plaintiff for medical services (Complaint ¶28-29) and did so without a contract in place (Complaint ¶¶31-33). Further, the Complaint alleges Progressive's collection notice are in violation of debt collection laws (Complaint ¶¶40-42).

### III. STANDARD OF REVIEW

Pursuant to FRCP 12(f), a court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FRCP 12(f); *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F3d 970, 973-974 (9th Cir. 2010). In the context of class action allegations, "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." FRCP Rule 23(c)(1)(A). This rule has been used to properly consider the allegations of the complaint and answer in determining the existence of the prerequisites and grounds for a class action. *Blackie v. Barrack,* (9th Cir. 1975), 524 F. 2d. 891, 900-901. If the complaint demonstrates that a class action

cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery. *Sanders v. Apple Inc.*, (N.D.Cal.2009), 672 F. Supp. 2d 978.

For purposes of pleading class allegations, the burden of proof is on plaintiff to demonstrate that the questions of law are clear and that all FRCP Rule 23 factors exist. *Parsons v. Ryan* (9th Cir. 2014), 754 F. 3d 657, 674. Plaintiff bears the burden of pleading facts sufficient to state a claim and the Court will not supply a central element of a claim that a plaintiff did not plead. *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).

Based on this standard, any class action allegations, including the State Law Class allegations, against EACMC should be stricken from the Complaint.

## IV. LEGAL ARGUMENT

As set forth in the accompanying Motion to Dismiss, the Complaint fails to assert a RFDCPA, UCL and CLRA claim for relief fail against EACMC. However, even if one or more of the claims survive the Motion to Dismiss, there is no basis to plead a class action against EACMC based on the State Law Class (Complaint ¶43).

### A. The FRCP Rule 23(a) Factors Cannot be Met

FRCP Rule 23(a) requires all four of the following elements to be pled: (1) numerous parties; (2) common questions of law or fact; (3) typicality of claims amongst the class; and (4) adequate representation. As detailed herein, the Complaint does not adequately plead all of these factors and thus the class allegations against EACMC should be stricken from the Complaint.

#### 1. Numerosity – It is Impossible to Ascertain the Class Size Based on the Proposed Class.

To satisfy numerosity, the class must be so numerous that joinder of all members would be "impracticable." However, the class still must be ascertainable; i.e., it must be possible for the members to identify themselves as a class member. *Asiana v. Kashi Co.* (SD CA 2013), 291 FRD 493, 500.

4
**MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB**

Here, the complaint fails to demonstrate that the State Law Class is ascertainable vis-à-vis EACMC. The State Law Class seeks class members who are all of the following: a) residents of California; b) received treatment from EACMC *and/or* received one or more communications from Progressive seeking payments for medical care; and c) either out of network or uninsured at the time care was provided (Complaint ¶9; emphasis added).

Here, the "and/or" emphasized above renders this class definition unclear and unable to satisfy the numerosity requirement. The State Law Class, as currently pled, seeks class members who received treatment from EACMC *and* received communications from Progressive seeking payment for said care. The State Law Class, as currently pled, may also seeks class members who received treatment from EACMC *or* received communications from Progressive seeking payment for said care, even if said care is unrelated to EACMC's services. Based on such a definition, it is impossible to ascertain the class and whether the numerosity factor is satisfied vis-à-vis EACMC.

### 2. Typicality – The Complaint's Allegations Cannot Allege All Putative Class Members Suffered the Same Cognizable Injury

As for typicality, the class representative's claim must "possess the same interest and suffer the same injury" as the unnamed class members. *General Tel. Co. of Southwest v. Falcon* (1982), 457 U.S. 147, 156. The named Plaintiff's injuries do not need to be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992).

Here, the Complaint alleges Plaintiff and the putative class members have suffered similar injuries because of "Defendants" systemic polices and debt collection practices (Complaint ¶47). The Complaint alleges EACMC overcharged Plaintiff for four separate medical procedures involving an injured ankle (Complaint ¶¶27-30). It

is unclear if the State Law Class is seeking class members that EACMC allegedly overcharged for any medical services or that EACMC overcharged patients for only the medical services specifically identified in the Complaint (Complaint ¶¶27-30). It would appear the Complaint is arguing the former (i.e., that EACMC overcharged all of its patients for any medical services). If so, each individual patient's injuries would be highly individualized and EACMC's alleged charges to each patient would be vastly different depending on the patient's injuries.

As pled, Plaintiff's claims could not be typical of other putative class members unless all class members suffered broken ankles in the same general manner is Plaintiff. Rather, each class member would be subject to vastly differing amounts billed by EACMC depending on the underlying medical injury.

Accordingly, based on the Complaint's allegations it is impossible to determine whether Plaintiff's claims are typical of all class members.

### 3. The Complaint Does Not Allege the Lead Plaintiff Adequately Represents All Purported Class Members

The lead plaintiff must be able to "fairly and adequately protect the interests" of all other class members. Generally, this requires the lead plaintiff possess interests antagonistic to the remainder of the class and to "prosecute the action vigorously" on behalf of the class. *In re: Mego Fin'l Corp. Secur. Litig.* (9th Cir. 2000), 213 F. 3d. 454, 462.

Here, the Complaint alleges the lead plaintiff was uninsured at the time of the surgery (Complaint ¶23). The State Law Class definition seeks class members that were either uninsured or out of network at the time care is provided. Plaintiff, whom is uninsured, cannot adequately represent the interests of persons that were insured but out of network. An insured and uninsured individual are in vastly different circumstances when seeking medical care. Thus, in addition to Plaintiff's injuries not being typical of other potential claims members, Plaintiff's status as an uninsured

person would also prevent him from fairly and adequately representing all class members as defined in the State Law Class.

### B. FRCP Rule 23(b) factors

In addition to being required to show *all* four FRCP Rule 23(a) factors are proven, Plaintiff must also demonstrate one or more of the following under FRCP Rule 23(b): 1) risk of prejudice from separate actions; 2) injunctive sought for class; or 3) predominant common questions and superior remedies. Here, the Complaint does not demonstrate any of these three factors.

#### 1. No Risk of Prejudice from Separate Actions

Here, there would be no risk of prejudice of other aggrieved class members if they litigated the same facts and circumstances in separate lawsuits. Even if this action was adjudicated to judgment between Plaintiff and EACMC, such a judgment would have no effect on another individual alleging a separate action that EACMC has wrongfully billed said individual for medical care. Each individual's damages would also vastly differ depending on the medical care received by each individual, the amount billed by EACMC and/or the amount paid by each individual to EACMC. Each individual is entitled to litigate their own specific facts and circumstances if so warranted.

#### 2. The Requested Injunctive / Declaratory Relief Cannot be Sought Against EACMC.

Absent injunctive or equitable relief, claims for pure money damages are grounds to decertify a class. *Wal-Mart Stores, Inc. v. Dukes* (2011), 131 S. Ct. 2541, 2558. The high court's rational were that money damages, standing alone, are too "individualized" to create a common objective and/or adequate recovery amongst the class members. Id.

Here, the only injunctive relief is "debt collection practices" against Defendants (Complaint at 17, Prayer for Relief, ¶3). As set forth in the accompanying Motion to Dismiss, EACMC is not subject to the debt collection claims. Any injunction to

7
**MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB**
4026964.1

preclude "debt collection practices" would be superfluous when EACMC is not alleged to have actually engaged in debt collection practices. Accordingly, without injunctive or declaratory relief available to all class members against EACMC, the monetary damages are too individualized such that asserting a class action to adjudicate such damages against EACMC is unjustified and improper.

### 3. **Predominant Common Questions and Superior Remedies are Not Present in this Action.**

There must be a common issue of law or fact such that a class action is a "superior vehicle" to litigate an action as opposed to individual actions. *See e.g., Johnson v. General Mills, Inc.* (C.D. Cal. 2011), 275 FRD 282 (class action superior remedy because injured consumers extremely unlikely to pursue their claims on an individual basis regarding false representation of yogurt products); *Alger v. FCA US LLC,* (E.D.Cal. 2020), 334 FRD 415 (class action superior remedy because each class member only entitled to a small amount of money that without a class action is unlikely to be adjudicated).

Here, the class action is not a "superior remedy" for all class members. As noted above, each individual's actual damages will vary significantly depending on the medical treatment received and then billed by EACMC. Some class members may have paid EACMC while other class members will not have paid EACMC any monies. Medical treatment in this country is not inexpensive by any means, and thus there is no risk that a putative class member would fail to file a claim against EACMC if it engaged in the actions complained of in this matter. Thus, the remedies available in a class action, as pled, do not appear to be superior to that of individualized lawsuits. In fact, by proceeding with a class action against EACMC in such a manner, it likely creates inferior results for the class members and their particularized injuries.

///

///

///

4026964.1

## V. CONCLUSION

For these reasons, the motion to strike should be granted in its entirety as to the class allegations asserted against EACMC.

DATED: September 1, 2021  WOLFE & WYMAN LLP

By: */s/Andrew A. Bao (SBN 247092)*
ANDREW A. BAO
Attorneys for Defendant
**EMERGENCY AND ACUTE CARE MEDICAL CORP.**
E-mail: aabao@ww.law