Andrew A. Bao (SBN 247092)
*aabao@ww.law*
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
EMERGENCY AND ACUTE CARE MEDICAL CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>　　　　　Defendants. | CASE NO.: 3:21-CV-00841-BEN-RBB<br><br>Assigned to Hon. Roger T. Benitez<br>Courtroom: 5A<br><br>**DEFENDANT, EMERGENCY AND ACUTE CARE MEDICAL CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP Rule 12(b)(6)**<br><br>Date:　　　October 4, 2021<br>Time:　　　10:30 a.m.<br>Courtroom:　5A<br><br>Trial Date:　None Set<br>Action Filed: April 30, 2021 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1
II. PERTINENT ALLEGATIONS ................................................................. 1
III. LEGAL STANDARD ............................................................................... 2
IV. LEGAL ARGUMENT ............................................................................... 3
    A. The CFDCPA Claim Fails as a Matter of Law ............................... 3
        1. EACMC is Not A Debt Collector under the CFDCPA .............. 4
        2. No Allegations EACMC Engaged in any "Debt Collection Activity" Actionable under the CFDCPA ................................... 5
    B. The UCL Claim Fails to State a Claim Against EACMC ................... 5
        1. Plaintiffs Lack Standing ............................................................... 6
        2. There are No Unlawful, Unfair, or Fraudulent Practices ........... 7
    C. The CLRA Claim Also Fails as a Matter of Law Against EACMC .... 8
V. CONCLUSION ......................................................................................... 9

# TABLE OF AUTHORITIES

Page

**Cases**

*Arikate v. J.P. Morgan Chase & Co.*,
  430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006) ...................................................................5

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937, 1949 (2009) ............................................................................................3

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696, 699 (9th Cir. 1990) .....................................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................................2

*Buckland v. Threshold Enterprises, Ltd.* (Cal. 2007),
  155 Cal. App. 4th 798, 809 ...............................................................................................8

*Byars v. SCME Mortgage Bankers*,
  109 Cal.App.4th 1134, 1147 (2003) ..................................................................................7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co*. (1999)
  20 Cal.4th 163, 181 ...........................................................................................................7

*Comm. on Children's TV v. Gen. Foods Corp.* (1983)
  35 Cal.3d 197, 211 ............................................................................................................8

*DiPirro v. American Isuzu Motors, Inc.* (2004)
  119 Cal.App.4th 966 ..........................................................................................................7

*Gold v. Midland Credit Management, Inc.,* N.D.
  Cal.2015, 82 F.Supp.3d 1064 ............................................................................................4

Jara v. GC Servs., (C.D. Cal. 2018)
  2018 U.S. Dist. LEXIS 83522 ...........................................................................................3

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120, 1127 (9th Cir. 2009) .................................................................................8

*Korea Supply Co. v. Lockheed Martin Corp.*
  (2003) 29 Cal.4th 1144, 1150 ............................................................................................6

*Meyer v. Sprint Spectrum L.P.*,
  45 Cal. 4th 634, 641, 88 Cal. Rptr. 3d 859 (2009) ............................................................8

*Richards v. Harper*,
  864 F.2d 85, 88 (9th Cir. 1988) .........................................................................................3

*Riggs v. Prober & Raphael*,
  681 F.3d 1097, 1100 (9th Cir. 2012) .................................................................................3

# TABLE OF AUTHORITIES

Page

*Robertson v. Dean Witter Reynolds, Co.*,
   749 F.2d 530, 534 (9th Cir. 1984) ................................................................. 3

Robinson v. Managed Accounts Receivables Corp.,
   654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) ................................................ 3

*Scripps Clinic v. Sup. Ct.*,
   108 Cal.App.4th 917 (2003) ............................................................................ 7

*Walker v. Geico Gen. Ins. Co*. (9th Cir. 2009) 558 F.3d 1025, 1027 ...................... 6

*Zhang v. Superior Court* (2013)
   57 Cal.4th 364, 371 ......................................................................................... 6

**Statutes**

15 U.S.C. §1692e(2)(A) ............................................................................................ 2

15 U.S.C. 1692e(2)(A) .............................................................................................. 6

*Cal. Civil Code* § 1788.17 ....................................................................................... 4

*Cal. Civil Code* §1750 ............................................................................................. 1

*Cal. Civil Code* §1780(a) ...................................................................................... 10

*Cal. Civil Code* §1788.2(b) ..................................................................................... 6

*Cal. Civil Code* §1788.2(c) ..................................................................................... 5

California Business & Professions Code §§17203 ................................................... 7

California Business & Professions Code §§ 17204 .................................................. 7

California Business & Professions Code §17200 ................................................ 1, 8

Fair Debt Collection Practices Act,
   15 U.S.C. §1692 *et seq.* ................................................................................... 1

**Rules**

*Federal Rule of Civil Procedure* Rule 12(b)(6) ................................................... 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff alleges that co-defendant Progressive Management Systems ("Progressive") attempted to collect a debt on EACMC's behalf. The Complaint only seeks to litigate Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") claims (Counts I and II) and a proposed FDCPA class against Progressive.

As alleged against EACMC, the Complaint asserts several state law claims. The California Fair Debt Collection Practices Act, *Cal. Civil Code* §1788 *et seq.* ("CFDCPA") claim fails because the Complaint is, at best, unclear as what debt collection activity EACMC engaged in vis-à-vis Plaintiff and has not pled the necessary facts to demonstrate EACMC was a debt collector vis-à-vis Plaintiff. As to the California Business & Professions Code §17200 claim ("UCL"), the Complaint fails to allege any facts demonstrating EACMC has engaged in any unlawful, unfair or fraudulent business practices that caused actual harm or injury-in-fact to Plaintiff. As to the California Civil Code §1750 claim ("CLRA"), the lack of allegations asserting how Plaintiff has suffered damages as a result of EACMC's alleged practices is also fatal to the CLRA claim.

Accordingly, based the allegations in the Complaint, this Court can and should find that EACMC should be dismissed from this action as a matter of law.

## II. PERTINENT ALLEGATIONS

Plaintiff alleges that Progressive is a privately held debt collection company and does not allege EACMC is a debt collector (Complaint ¶¶8-9). In October 2018, Plaintiff allegedly underwent surgery on his ankle and was uninsured at the time (Complaint ¶¶10-11). A third party, Sharp Memorial Hospital, allegedly misrepresented the out of pocket costs to Plaintiff by approximately $20,000.00 (Complaint ¶¶12, 14).

In January 2019, Plaintiff alleged sent written questions to "healthcare

1
**MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB**
4026928.1

providers who rendered services to him October 2018" without specifying whether these written questions were sent to EACMC (Complaint ¶20). Sometime in 2019, Plaintiff then allegedly received a series of bills from "EA Health" asking him to pay unspecified amounts to EACMC (Complaint ¶15). On or about January 20, 2020, Plaintiff allege received a collection notice from Progressive for $2,759.51 (Complaint ¶17). On or about February 18, 2020, he received another collection notice from Progressive for $723 (Complaint ¶18).

At some unknown time, Plaintiff allegedly request verification of the amount owed pursuant to 15 USC 1692g(b) (Complaint ¶20). This verification was apparently made to Progressive (Complaint ¶21, line 3). In May 2020, Progressive allegedly continued its collection activity, demanding $3,562 that included 10% interest, while also responding that EACMC has allegedly verified the debt (Complaint ¶21). The Complaint alleges Progressive's collection notice are in violation of debt collection laws (Complaint ¶¶40-42).

There are no allegations that EACMC sent Plaintiff any communications at any time. Yet, the Complaint alleges EACMC made false representations to Plaintiff regarding the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A) (Complaint ¶72). The Complaint further proceeds to allege how EACMC overcharged Plaintiff for medical services (Complaint ¶28-29) and did so without a contract in place (Complaint ¶¶31-33).

Based on these allegations, Plaintiff alleges claims for violation of CFDCPA, UCL and CRLA. For the reasons set forth herein, these claims fail and this Court should grant the Motion to Dismiss without leave to amend.

### III.  LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint. (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A motion pursuant to Rule 12 (b)(6) is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

2
**MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB**

cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984).

The plaintiff bears the burden of pleading facts sufficient to state a claim and the Court will not supply a central element of a claim that a plaintiff did not plead. *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988). Conclusory statements in a complaint will not satisfy a plaintiff's burden of pleading and will not survive a motion to dismiss. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Based on the Complaint's allegations and this standard of review, the CFDCPA, UCL and CLRA claims against EACMC should be dismissed.

## IV. <u>LEGAL ARGUMENT</u>

### A. <u>The CFDCPA Claim Fails as a Matter of Law</u>

The CFDCPA sets standards governing debt-collection practices and provides, with limited exceptions, that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of" the FDCPA. *Cal. Civ. Code* § 1788.17. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements…and makes available the FDCPA's remedies for violations. (*Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). When a debt collector violates the FDCPA, they also violate the CFDCPA. (*See, e.g., Jara v. GC Servs.*, 2018 U.S. Dist. LEXIS 83522, 2018 WL 2276635, at *19 (C.D. Cal. 2018).

To state a claim under the CFDCPA, a plaintiff must allege (1) the plaintiff was a customer, (2) the defendant was a debt collector within the meaning of the statute, and (3) the defendant committed an act or omission in violation of the statute. *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009).

Here, Plaintiff fails to allege all of the necessary elements of a CFDCPA claim

against EACMC.

### 1. EACMC is Not A Debt Collector under the CFDCPA

The CFDCPA defines "debt collector" as: "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection…" *Cal. Civil Code* §1788.2(c). While the definition of "debt collector" under the CFDCPA is broader than the FDCPA, it is not limitless. For example, a company that purchased debts from original creditor but engaged a second company to collect on those debts was not considered a "debt collector" under the CFDCPA. *Gold v. Midland Credit Management, Inc.,* N.D.Cal.2015, 82 F.Supp.3d 1064 (company did not direct or otherwise participate in second company's collection activities).

Here, Progressive is the only party alleged to be a debt collection company (Complaint ¶¶8-9), attempting to collect a debt on EACMC's behalf. There are no allegations EACMC directed or otherwise participated in Progressive's debt collection activities. The Complaint alleges that in January 2019, Plaintiff allegedly sent written questions to "healthcare providers who rendered services to him October 2018" without specifying whether these written questions were sent to EACMC (Complaint ¶20). Sometime in 2019, Plaintiff then allegedly received a series of bills from "EA Health" demanding unspecified amounts to be paid to EACMC (Complaint ¶15). However, there are no allegations that EACMC communicated to Plaintiff in any manner or how these communications subjects EACMC to a CFDCPA claim. Accordingly, the Complaint fails to allege facts that EACMC was acting as a "debt collector" under the CFDCPA at any time relevant.

///
///
///

### 2. No Allegations EACMC Engaged in any "Debt Collection Activity" Actionable under the CFDCPA

Plaintiff must also plead allegations that EACMC engaged in "debt collection activity" actionable under the RFDCPA. "The term 'debt collection' means any act or practice in connection with the collection of consumer debts." *Cal. Civil Code* §1788.2(b). The CFDCPA is directed at false, misleading, or harassing communications, and as such, courts have held that the date and contents of each alleged communication must be pled with particularity. *See Arikate v. J.P. Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006).

Here, the alleged debt collection activity is vague at best. The Complaint asserts that "Defendants" made false representations to Plaintiff and the State law Class regarding the "character, amount or legal status of a debt, in violation of 15 U.S.C. 1692e(2)(A) (Complaint ¶72). Although the Complaint spends an exorbitant amount of time detailing how EACMC's alleged services were improperly billed and/or claimed, the Complaint fails to allege how EACMC *communicated* such to Plaintiff in a false, misleading, or harassing manner. There are no allegations EACMC sent any communications to Plaintiff other than unspecified bills from 2019 sent by "EA Health" (Complaint ¶¶15). The remainder of the Complaint alleges Progressive was engaged in multiple communications with Plaintiff at various times.

Thus, based on the Complaint, it cannot be reasonably concluded that EACMC was engaged in debt collection activity. Accordingly, the Complaint does not meet the particularity standard required to assert a CFDCPA claim against EACMC and this claim should be dismissed.

### B. The UCL Claim Fails to State a Claim Against EACMC

Plaintiff claims a violation of the UCL due to EACMC's alleged violations of the FDCPA and the CFDCPA (Complaint ¶¶76, 80.) However, Plaintiff lack standing to bring such a claim and cannot support any unlawful, unfair, or fraudulent conduct by EACMC.

### 1. **<u>Plaintiffs Lack Standing to Assert a UCL Claim</u>**

A private individual has standing to assert a UCL claim only if he or she can (1) establish an "injury in fact" under the standing requirements of the United States Constitution and (2) show that he or she has lost money or property as a result of the violation. California *Business & Professions Code* §§ 17204 and 17535. The lost money or property must be of the kind that is "eligible for restitution" as "remedies for individuals under the UCL are restricted to injunctive relief and restitution." *Walker v. Geico Gen. Ins. Co*. (9th Cir. 2009) 558 F.3d 1025, 1027. Restitution under the Act is restoring to any person interest in any money or property, real or personal, which may have been acquired by means of a violation. *California Business & Professions Code* §§17203 and 17535. It is not the recovery of damages, which are not allowed under the statute. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1144, 1150. Indeed, a UCL claim permits only two remedies—injunctive relief and restitution. *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 371.

Here, Plaintiff lacks standing to allege a UCL claim because he fails to allege he lost money or property as a result of EACMC's conduct. There are no allegations Plaintiff *paid* the monies demanded. Indeed, there are no allegations of *any* injury in – no indication EACMC attempted to enforce a debt on Plaintiff's assets or even negatively report information on Plaintiff's credit. While Plaintiff claims these medical fees are unreasonable and/or the amount owed was misrepresented in some fashion, this is not actionable under the UCL when Plaintiff has not suffered an injury in fact as a result of these alleged unreasonable or misrepresented fees.

While Plaintiff may claim damages in terms of statutory damages under FDCPA or RFDCPA, EACMC is not a party to the FDCPA claim and is set forth above is not subject to the RFDCPA claim. Even if the RFDCPA claim survives this motion, however, statutory damages are not a basis to create standing to assert a UCL claim against EACMC.

Accordingly, Plaintiff has no standing to allege a UCL claim against EACMC.

## 2. There are No Unlawful, Unfair, or Fraudulent Practices

The UCL statutes prohibit unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. "Because California Business & Professions Code §17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 181. Here, the Complaint fails to allege any of these three prongs against EACMC.

A UCL claim for unlawful acts is only as valid as the underlying allegations that assert a claim for relief. *DiPirro v. American Isuzu Motors, Inc.* (2004) 119 Cal.App.4th 966. Here, the underlying claims supporting the UCL claim are for violations of FDCPA and CFDCPA (Complaint¶¶76, 80). No other predicate claims for relief are alleged. As set forth herein, EACMC is not a party to the FDCPA claims and the CFDCPA claim fails against EACMC.

A claim for unfair activity under the UCL requires the Plaintiff to plead "conduct [that] threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Byars v. SCME Mortgage Bankers*, 109 Cal.App.4th 1134, 1147 (2003). Alternatively, a practice is unfair if it violates public policy that is tethered to specific constitutional, statutory, or regulatory provisions. *Scripps Clinic v. Sup. Ct.*, 108 Cal.App.4th 917 (2003). Here, there are no claims that EACMC has threatened or harms any competition in any industry. There is no specific public policy that EACMC is alleged to have violated that is tethered to constitutional, statutory, or regulatory provisions.

Lastly, to the extent the UCL claim is based on fraudulent conduct, the general test for whether an act is considered "fraudulent" under the UCL is whether members of the general public are likely to be deceived. *Comm. on Children's TV v. Gen. Foods*

**MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB**

*Corp.* (1983) 35 Cal.3d 197, 211. Moreover, UCL claims alleging fraudulent business practices trigger a heightened pleading requirement requiring plaintiffs to allege the circumstances constituting fraud with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Here, the Complaint does not allege EACMC engaged in fraud, much less meet the heightened pleading standard required by law.

Accordingly, the UCL claim should be dismissed against EACMC.

### C. The CLRA Claim Also Fails as a Matter of Law Against EACMC

Under the CLRA, "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action." *Cal. Civil Code* §1780(a). Although "any damage" is broader than "actual damage," "some kind of damage must result." *Meyer v. Sprint Spectrum L.P.,* 45 Cal. 4th 634, 641, 88 Cal. Rptr. 3d 859 (2009). Thus, Plaintiff in a CLRA action must show not only that a defendant's conduct was deceptive but that the deception caused them harm. *Buckland v. Threshold Enterprises, Ltd.* (Cal. 2007), 155 Cal. App. 4th 798, 809.

Here, EACMC's alleged practices did not cause Plaintiff any harm, as there are no allegations that Plaintiff has paid monies or that EACMC has taken any action that created actual harm to Plaintiff. This failure to allege EACMC's conduct caused any damage to Plaintiff is thus fatal to this claim.

///
///
///
///
///
///
///

8
MEMORANDUM OF POINTS AND AUTHORITIES 3:21-CV-00841-BEN-RBB

## V. CONCLUSION

For these reasons, the CFDCPA, UCL and CLRA claims should be dismissed against EACMC.

DATED: September 1, 2021	WOLFE & WYMAN LLP

By: */s/Andrew A. Bao (SBN 247092)*
ANDREW A. BAO
Attorneys for Defendant
**EMERGENCY AND ACUTE CARE MEDICAL CORP.**
E-mail: aabao@ww.law