James K. Schultz, Esq. (SBN 309945)
Brittany L. Shaw, Esq. (SBN 331773)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 877/334-0661
jschultz@sessions.legal
bshaw@sessions.legal
dkirkpatrick@sessions.legal

Attorneys for R.M. Galicia, Inc. dba Progressive Management Systems

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS, and EMERGENCY AND ACUTE CARE MEDICAL CORP.<br><br>  Defendants. | Case No. 3:21-cv-00841 BEN RBB<br><br>ANSWER TO COMPLAINT |

Defendant R.M. Galicia, Inc. dba Progressive Management Systems ("PMS"), for itself alone, responds to the Complaint filed by Hector Fernandez ("Complaint"), as follows:

## INTRODUCTION

1. PMS admits plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the California Unfair Competition Law, and Consumer Legal Remedies Act, but denies any violation, liability or wrongdoing under the law. Except as specifically admitted, PMS denies the allegations in ¶ 1.

2. PMS denies the allegations in ¶ 2.

3. PMS denies the allegations in ¶ 3.

4. PMS denies the allegations in ¶ 4.

## JURISDICTION

5. PMS denies the allegations in ¶ 5 as calling for a legal conclusion.

6. PMS denies the allegations in ¶ 6 as calling for a legal conclusion.

## PARTIES

7. PMS denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. PMS admits it has an office in California and part of its business is the collection of debts. Except as specifically admitted, PMS denies the allegations in ¶ 8.

9. The allegations in ¶ 9 are not directed at PMS. To the extent a response is required, PMS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

**FACTUAL ALLEGATIONS**

10. PMS denies the in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. PMS denies the in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. PMS denies the in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. PMS denies the in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. PMS denies the in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. PMS denies the allegations in ¶ 15.

16. PMS denies the allegations in ¶ 16.

17. PMS admits it sent a letter to plaintiff, the letter being the best evidence of its content. To the extent the allegations in ¶ 17 state otherwise, they are denied.

18. PMS admits it sent a letter to plaintiff, the letter being the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, they are denied.

19. PMS denies the allegations in ¶ 19.

20. PMS admits it received correspondence from plaintiff, the correspondence being the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, they are denied.

21. PMS admits it sent a letter to plaintiff, the letter being the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, they are denied.

22. PMS denies the allegations in ¶ 22.

23. PMS denies the allegations in ¶ 23.

24. The allegations in ¶ 24 are not directed at PMS. To the extent a response is required, PMS denies the allegations in ¶ 24.

25. PMS denies the allegations in ¶ 25.

26. PMS denies the allegations in ¶ 23.

27. PMS denies the allegations in ¶ 27.

28. PMS denies the allegations in ¶ 28.

29. PMS denies the allegations in ¶ 29.

30. PMS denies the allegations in ¶ 30.

31. PMS denies the allegations in ¶ 31.

32. PMS denies the allegations in ¶ 32.

33. PMS denies the allegations in ¶ 33.

34. PMS denies the allegations in ¶ 34 as calling for a legal conclusion.

35. PMS denies the allegations in ¶ 35 as calling for a legal conclusion.

36. PMS denies the allegations in ¶ 36 as calling for a legal conclusion.

37. PMS denies the allegations in ¶ 37 as calling for a legal conclusion.

38. PMS denies the allegations in ¶ 38.

39. PMS denies the allegations in ¶ 39.

40. PMS denies the allegations in ¶ 40.

41. PMS denies the allegations in ¶ 41.

42. PMS denies the allegations in ¶ 42.

## CLASS ALLEGATIONS

43. PMS admits Plaintiff purports to bring this action as a class action, but denies plaintiff can meet the requirements set forth in Fed. R. Civ. P. 23. Except as specifically admitted, PMS denies the allegations in ¶ 43.

44. PMS denies the allegations in ¶ 44.

45. PMS denies the allegations in ¶ 45.

46. PMS denies the allegations in ¶ 46.

47. PMS denies the allegations in ¶ 47.

48. PMS denies the allegations in ¶ 48.

49. PMS denies the allegations in ¶ 49.

## COUNT I
## (Against Defendant PMS)
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

50. PMS incorporates its responses in the above paragraphs as through set forth in full.

51. PMS denies the allegations in ¶ 51.

52. PMS denies the allegations in ¶ 52 as calling for a legal conclusion.

53. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 53 state otherwise, they are denied.

54. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 54 state otherwise, they are denied.

55. PMS denies the allegations in ¶ 55.

56. PMS denies the allegations in ¶ 56.

57. PMS denies the allegations in ¶ 57.

58. PMS denies the allegations in ¶ 58.

## COUNT II

**(Against Defendant PMS)**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**

59. PMS incorporates its responses in the above paragraphs as through set forth in full.

60. PMS denies the allegations in ¶ 60.

61. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 61 state otherwise, they are denied.

62. PMS denies the allegations in ¶ 62.

63. PMS denies the allegations in ¶ 63.

64. PMS denies the allegations in ¶ 64.

65. PMS denies the allegations in ¶ 65.

**COUNT III**
**(Against Both Defendants)**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**California Civil Code § 1788.17**

66. PMS incorporates its responses in the above paragraphs as through set forth in full.

67. PMS denies the allegations in ¶ 67.

68. PMS denies the allegations in ¶ 68 as calling for a legal conclusion.

69. PMS denies the allegations in ¶ 69 as calling for a legal conclusion.

70. PMS denies the allegations in ¶ 70 as calling for a legal conclusion.

71. PMS denies the allegations in ¶ 71.

72. PMS denies the allegations in ¶ 72.

73. PMS denies the allegations in ¶ 73.

## COUNT IV
## (Against Both Defendants)
## CALIFORNIA UNFAIR COMPETITION LAW
## Section 17200 of the California Business & Professions Code

74. PMS incorporates its responses in the above paragraphs as through set forth in full.

75. PMS denies the allegations in ¶ 75.

76. PMS denies the allegations in ¶ 76.

77. PMS denies the allegations in ¶ 77.

78. PMS denies the allegations in ¶ 78.

79. PMS denies the allegations in ¶ 79.

80. PMS denies the allegations in ¶ 80.

81. PMS denies the allegations in ¶ 81.

## (Against Both Defendants)
## CONSUMER LEGAL REMEDIES ACT
## CAL. CIV. CODE § 1750 *ET SEQ.*

82. PMS incorporates its responses in the above paragraphs as through set forth in full.

83. PMS denies the allegations in ¶ 83.

84. PMS denies the allegations in ¶ 84 as calling for a legal conclusion.

85. PMS denies the allegations in ¶ 85.

86. PMS denies the allegations in ¶ 86 as calling for a legal conclusion.

87. PMS denies the allegations in ¶ 87 as calling for a legal conclusion.

88. PMS denies the allegations in ¶ 88.

89. PMS denies the allegations in ¶ 89.

90. PMS denies the allegations in ¶ 90.

91. PMS denies the allegations in ¶ 91.

## AFFIRMATIVE & SEPARATE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

PMS alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

PMS alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide error* notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of PMS, or for whom PMS is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

To the extent plaintiff suffered any damages, plaintiff failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FIFTH AFFIRMATIVE DEFENSE

PMS denies liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of PMS's purported violations.

## SIXTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

PMS acted in good faith and its conduct is justified by legitimate business motives, purposes and reasons.

## EIGTH AFFIRMATIVE DEFENSE

PMS alleges plaintiff's claims are prohibited by the terms and conditions of plaintiff's agreement with the original creditor and subject to mandatory arbitration.

## RESERVATION OF RIGHT TO AMEND

PMS is presently unaware whether it may have additional unstated defenses or claims. PMS hereby reserves all rights under the law to assert in the future additional affirmative defenses and claims as relevant information becomes known and/or available.

WHEREFORE, PMS respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;

2. Judgment of dismissal be entered in favor of PMS;

3. PMS be granted such other and further relief as the Court deems just and proper.

Dated: September 15, 2021  SESSIONS, ISRAEL & SHARTLE, L.L.P.

*/s/Brittany L. Shaw*
Brittany L. Shaw
Attorney for Defendant
R.M. Galicia, Inc. dba
Progressive Management Systems