**SCHONBRUN SEPLOW**
**HARRIS HOFFMAN & ZELDES LLP**
HELEN I. ZELDES (220051)
hzeldes@sshhzlaw.com
BEN TRAVIS (305641)
btravis@sshhzlaw.com
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-4990

**CONSUMER ATTORNEY ADVOCATES INC.**
PATRIC LESTER (220092)
5694 Mission Center Road, #358
San Diego, California 92108
Telephone: (619) 665-3888

*Attorneys for Plaintiff.*

*[Additional attorneys listed on signature page]*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>                    Defendants. | Civil Case No.:3:21-cv-0841-BEN(WVG)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 *et seq*.]**<br>(2) **Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 *et seq*.]**<br>(3) **California Unfair Competition Law [Cal. Bus. & Prof Code § 17200 *et seq*.]**<br>(4) **California Consumers Legal Remedies Act [Cal. Civ. Code § 1750 *et seq*.]**<br><br>**DEMAND FOR JURY TRIAL** |

1.     Comes now Plaintiff Hector Fernandez ("Plaintiff" or "Mr. Fernandez") and—pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, with the written consent of counsel for Defendant Emergency and Acute Care Medical Corp. (*See* attached <u>Exhibit A</u>) and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, within 21 days of Defendant Progressive Management System's filing of its answer (Doc. 11.)—files his First Amended Complaint as follows:

## INTRODUCTION

2.     Plaintiff Hector Fernandez brings this action on behalf of himself and all similarly situated consumers, seeking relief from Progressive Management Systems' ("PMS") and Emergency and Acute Care Medical Corp's ("EACMC") abusive, unfair and deceptive debt collection practices.  He states claims under the Fair Debt Collection Practices Act, the California Rosenthal Fair Debt Collection Practices Act, the California Unfair Competition Law and the Consumer Legal Remedies Act.

3.     This suit concerns a practice in the medical industry of third-party providers billing patients with whom they never contracted, and demanding amounts that are far in excess of market rates.  The law of contracts states that when a merchant provides a service but there is no agreement on price, the burden is on the merchant to prove that it is entitled to the reasonable value of the services.

4.     Defendants regularly seek to collect on these non-contractual demands for payment as if they were settled matters.  If Defendants had to go to court to collect on these bills, they would be entitled to only a fraction of the amounts that they demand.  For that reason, their standard notices stating that these inflated amounts are due and payable are both deceptive and illegal under the FDCPA, the Rosenthal Act and California state consumer protection law.

5.     Hector Fernandez brings these claims on behalf a class of uninsured and out-of-network California residents who were subject to deceptive, illegal and

FIRST AMENDED CLASS ACTION COMPLAINT

unfair collection activities by one or both Defendants.  He seeks actual damages, statutory damages, and all other relief that the Court deems is necessary and proper.

**JURISDICTION**

6.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

7.    Venue is proper because Mr. Fernandez resides in this District, Defendants transact business in this District, and the collection activities at issue in this case occurred in this District.

**PARTIES**

8.    Plaintiff Hector Fernandez is a natural person residing in the city and county of San Diego in the State of California. Mr. Fernandez is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3), a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h), and a "person" as defined by Cal. Civ. Code § 1788.2(g).

9.    Defendant Progressive Management Systems is a privately held debt collection company with its headquarters at 1521 West Cameron Avenue, First Floor, West Covina, California.  According to the California Secretary of State website, its registration is currently suspended, although it may have registered under a different name or variant on the name that appears on its debt collection notices. PMS is dba for R.M. Galicia, Inc. per PMS filed Notice of Party with Financial Interest (Doc.10) and an active California corporation. As described herein, PMS acts as an agent of Defendant EACMC and collects debts on EACMC's behalf.

10.    Defendant Emergency and Acute Care Medical Corp. is located at 12230 World Trade Dr Suite 250, San Diego, CA.

//

//

FIRST AMENDED CLASS ACTION COMPLAINT

# FACTUAL ALLEGATIONS

11.    On or about October 16, 2018, Mr. Fernandez underwent surgery at Sharp Memorial Hospital ("Sharp") in San Diego, California, after breaking his ankle in his home.

12.    At the time Mr. Fernandez received medical treatment, he was uninsured.

13.    Mr. Fernandez sought an estimate of what the surgery would cost.  In a document titled "Out-of-Pocket Estimate," Sharp estimated the cost at $27,390.03.

14.    Mr. Fernandez recalls signing an admissions agreement with Sharp, but not with anyone else.

15.    Mr. Fernandez received bills from Sharp well in excess of the estimated price for his surgery. He thought, and had every reason to expect, that these large bills were the only bills he had to pay.  But well after the October 2018 surgery, in 2019, he received a series of bills from "EA Health," asking him to remit payment to "Emergency and Acute Care Med. Corp." for additional amounts.  Mr. Fernandez had never heard of this entity before.

16.    As one health care expert has stated, surprise bills like the one Mr. Hernandez received from EACMC are like "going to a restaurant and getting a separate, unexpected bill for dessert because the pastry chef did not sign a contract with the owner."[1]

17.    In a January 25, 2019 letter, Mr. Fernandez sought clarification of the "numerous bills" he had received that purportedly related to his surgery from vendors he did not recognize and that appeared to be duplicative of the hospital's bills. He wrote, "I don't even know who these vendors are or how they received my

---

[1] Ezekiel Emanuel, No One Likes Surprise Medical Bills. So Why Does Congressional Action Seem So Unlikely?, *Washington Post*, Sept. 4, 2019, at https://wapo.st/3jVOT9a (visited Apr. 30, 2021).

personal information." In addition to contesting the validity of EACMC's alleged debts, Mr. Fernandez requested verification of the amount owed, pursuant to 15 U.S.C. § 1692g(b).

18.    Mr. Fernandez and his wife continued to dispute the validity of EACMC's bills by phone and letter.

19.    On or around January 6, 2020, Mr. Fernandez called EACMC to discuss the charges.

20.    Mr. Fernandez first received a collection notice from Defendant PMS, collecting on behalf of EACMC, on January 22, 2020, for $2,759.51.

21.    Mr. Fernandez received a different collection notice from PMS on February 18, 2020, with the same client reference number as the previous notice, for $723.

22.    Mr. Fernandez was confused as to why PMS was demanding conflicting amounts from him and did not know which amount PMS was insisting that he pay.

23.    On March 23, 2020, PMS responded to Mr. Fernandez's attempts to dispute the validity of the debt, including his January 6, 2020 call. PMS stated that Mr. Fernandez now owed EACMC $3,535, a figure that included 10% interest. PMS advised Mr. Fernandez that the bills were for services from a treating physician affiliated with EACMC.

24.    On May 1, 2020, PMS responded again to Mr. Fernandez's attempts to dispute the validity of the EACMC bills. PMS's letter stated that Mr. Fernandez now owed EACMC $3,562, a figure that included 10% interest. PMS advised Mr. Fernandez:  "Our client [EACMC] has informed our office that these accounts have been reviewed by management and they have determined the charges to be appropriate for the care provided.  Their office advises that these charges are assigned from the treating physician."

25.     Defendants' demands reflect a practice that is standard to EACMC and other "surprise" medical providers—charging inflated prices much higher than would be charged with insurance or justified by the reasonable value of the services provided.  That certainly is the case for EACMC: it consistently charges inflated rates, and Defendant PMS, in turn, collects on those improper, inflated amounts.

26.     Mr. Fernandez is now under imminent threat of collection activity.

27.     In addition, PMS reported the improper EACMC bills to credit bureaus as unpaid and overdue, damaging his credit score.

28.     FAIR Health is a nonprofit organization that calculates cost estimates for medical dental services, using tens of billions of health care claims for around 10,000 different services in all areas of the United States, since 2002.  It provides an online portal, where one can search a procedure by its CPT code and zip code. *See* https://www.fairhealthconsumer.org/

29.     Hospitals, governments, insurers, and others in the healthcare industry across the country use a common Current Procedural Terminology (CPT) system. Each medical procedure or service has a unique CPT code.

30.     The following chart lists each billed item, and CPT code for each, and the average amount charged for out-of-network and in-network patients (excluding the hospital's facility fee) for zip code 92123, the zip code of the hospital where Mr. Fernandez received treatment:

//

//

FIRST AMENDED CLASS ACTION COMPLAINT

| Description | CPT Code | In-Network | Out-of-Network | Amount EACMC charged |
|---|---|---|---|---|
| TREATMENT OF ANKLE[1] | 29540 ("strapping of ankle") | $132 | $300 | $2,213 |
| X-RAY-STRESS VIEW[1] | 77071 | $122 | $301 | $545 |
| Pneuma/vac walk bo[1] | L4361 | $148 | $275 | $723 |
| X-RAY EXAM OF ANKLE[1] | 73600 | $12 | $35 | $22 |
| **Total** | | $414 | $911 | $3,503 |

31.    EACMC charged far more than the average amount a health plan would pay a doctor (in-network rates), and even far more than the 80% percentile charge for uninsured or out-of-network treatment.

32.    For example, EACMC charged Mr. Fernandez $723 for a "pneumatic boot."  The brand is "Max Trax."  Mr. Fernandez never wore the boot after the surgery because it was not properly fitted for his foot.

33.    Fair HEALTH reveals that the charge for this boot is an outrageous overcharge.  This boot is available online for as little as $52.81, even lower than the FAIR Health estimates.  The debt of $723 that EACMC sought to collect from Mr. Fernandez represent a 1269% markup of the retail price.[2]

//

//

---

[2] The attached screen shot reflects a product sold by "Vitality Medical," at https://bit.ly/3aP1NTF (viewed Apr. 30, 2021).

FIRST AMENDED CLASS ACTION COMPLAINT



34.     In the absence of a legally binding contract with a specific price point, Defendants can only assert a right to payment under one of two contractual doctrines, both of which only entitle Defendants to recover the "reasonable" value of the services.

35.     First, because Plaintiff did not sign a written agreement promising to pay for the care, EACMC or its agent could contend that its right to collect arises from its standing to bring an implied contract or quantum meruit claim in court to recover the reasonable value of the services it provided to Plaintiff.

36.     Second, despite the fact that Plaintiff did not sign a written agreement promising to pay for the care, EACMC or its agent could contend that an oral contract nevertheless existed between Plaintiff and EACMC.  Yet because this "contract" does not include a price point spelling out the consideration for said

FIRST AMENDED CLASS ACTION COMPLAINT

contract (or leaves the amount to the discretion of an interested party, here EACMC), California law dictates that Plaintiff only owes what "the object of the contract is reasonably worth." Ca. Civ. Code § 1611.

37.    The California Supreme Court stated that a provider's rates are not a proper measure of quantum meruit. Rather, courts should assess the market value of the care: "Quantum meruit measures the value of services to the recipient." *Children's Hosp. Central Cal. v. Blue Cross of Cal.*, 226 Cal.App.4th 1260, 1278 (Cal. Ct. App. 2014).

38.    In court, "[t]he burden is on the person making the quantum meruit claim to show the value of the services." The "reasonable value" of services charged is the "going rate" or fair market value. *Id.* at 1274.

39.    The elements one must prove to recover on a quantum meruit claim are (1) that the hospital performed services for the patient, (2) the reasonable value of the services, (3) that they were rendered at patient's request, and (4) that they are unpaid. *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins., Co.*, 118 F.Supp.2d 1002, 1013 (C.D. Cal. 2000).

40.    California Civil Code § 1611 states that "[w]hen a contract does not determine the amount of the consideration, nor the method by which it is to be ascertained, or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth."

41.    Courts across the country have concluded that a medical provider's list price is not dispositive of what is considered the reasonable value or going rate. *Children's Hosp. Central Cal. v. Blue Cross of Cal.*, 226 Cal.App.4th 1260, 1274 (Cal. Ct. App. 2014); *In re North Cypress Med. Center Operating Co., Ltd.*, 559 S.W.3d 128, 133 (Sup. Ct. Tex. 2018) ("[B]ecause of the way chargemaster pricing has evolved, the charges themselves are not dispositive of what is reasonable.").

42.     Defendants regularly seek to collect on medical debts where they know that there is no agreement between the provider and the patient, and the prices charged are well in excess of market rates, and far in excess of what they could collect if they had to justify the charges in court.

43.     Defendants' collection notices are deceptive in stating that legally impermissible amounts of money are due and owing, and that California law entitles them to collect interest on those impermissible amounts.

44.     PMS repeatedly refers to these legally impermissible amounts as due and owing, as well as the interest on those amounts.  This is incorrect and misleading, because the amounts PMS attempts to collect are substantially in excess of what is owed or due.

45.     In sum, PMS's collection notice to Mr. Fernandez, and its collection notices for medical debt to uninsured and out-of-network patients generally, are deceptive and illegal under the FDCPA, Rosenthal Act, and state consumer protection law.

## CLASS ALLEGATIONS

46.     Plaintiff Hector Fernandez brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class:

> All residents of California who received treatment from EACMC and received one or more communications from PMS seeking payments for that treatment, and who were either out of network or uninsured at the time care was provided.

47.     Excluded from the Class are:

> i.   Defendants and any entities in which either Defendant has a controlling interest;
>
> ii.  Any entities in which Defendants' officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendants;
>
> iii. Any federal, state, or local governmental entities;
>
> iv.  The Judge and/or jury to whom this case is assigned and any member of the Judge's or jury's immediate family and any other judicial officer or juror assigned to this case; and

FIRST AMENDED CLASS ACTION COMPLAINT

v.  Any attorneys representing Plaintiff or the Class.

48.  <u>Numerosity—Fed. R. Civ. P. 23(a)(1)</u>.  The members of the Class are so numerous that joinder of all members is impracticable.  The exact number or identification of the Class members is presently unknown.  In *Gutierrez-Rodriguez v,. R.M. Galicia, Inc*., Case No. 16-CV-182-H-BLM, 2018 WL 1470198 (S.D. Cal. Mar. 26, 2018), this Court approved a class action settlement of a claim that PMS violated the Telephone Consumer Protection Act, and noted that PMS acts as a debt collector "primarily for the healthcare industry." *Id.* at *1.  It also found that numerosity was satisfied.  *Id.* at *4.  According to its website, PMS has over 80 employees, indicating that the company engages in a significant volume of debt collection activities.  EACMC has 21 offices in California and 449 health care providers. It is fair to conclude from these facts that the numerosity requirement will be met.  The identity of the Class members is ascertainable and can be determined based on available records maintained by Defendants.

49.  <u>Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>.  There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual Class members.  The core question in the case is whether collecting on charges for medical care that are far in excess of their reasonable value is illegal under California state and federal law.

50.  <u>Typicality—Fed. R. Civ. P. 23(a)(3)</u>.  Plaintiff's claims are typical of the claims of the Class because Plaintiff and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.  The debt collection practices at issue involved sending Defendants' template billing statements and debt collection notices.

51.  <u>Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1)</u>.  Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff is represented by experienced and competent Class Counsel.  Class

Counsel have litigated numerous class actions, including cases brought under the FDCPA. Plaintiff's counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all of the Members of the Class.

52. <u>Superiority—Fed. R. Civ. P. 23(b)(3)</u>. The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I**

**(Against Defendant PMS)**

**FAIR DEBT COLLECTION PRACTICES ACT**

**False or Misleading Representations - 15 U.S.C. § 1692e**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff brings this claim on behalf of himself and all members of the Class, defined above.

55. Defendant PMS is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

56. The money PMS sought to collect as allegedly owed to EACMC constitutes a "debt" as defined by 15 U.S.C. § 1692a(5).

57. The communications PMS made to Plaintiff and other members of the class are "communication[s]," as defined by 15 U.S.C. § 1692a(2).

**FIRST AMENDED CLASS ACTION COMPLAINT**

58.    15 U.S.C. § 1692e(2)(A) prohibits "false representation of the character, amount, or legal status of any debt."

59.    15 U.S.C. § 1692e(10) states a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt."

60.    PMS's form notice states that amounts are due for medical debt that are not, in fact, due and owing.

61.    Such statements misleadingly convey to consumers that the amounts are presently owed and not simply potential liability in a future judicial case under a quasi-contract cause of action for an uncertain amount based on the market rate, or in the alternative, if there is a contract, simply an imprecise estimate of what the contract is "reasonably worth" under California Civil Code § 1611.

62.    PMS acts as EACMC's agent and collects debts on EACMC's behalf.

63.    PMS routinely fails to disclose that its debt collection notices concerning debts allegedly owed to EACMC are, in actuality, offers to settle uncertain claims that EACMC may have against class members based on an estimate of the value of those claims that EACMC makes without objective criteria, such as a contract with a price on it.

64.    Such statements violate § 1692e because they mislead class members to believe there is a basis in law for the amount in the debt collection notices. Reasonable consumers assume companies have a legal basis for the amounts they bill.

## COUNT II

### (Against Defendant PMS)

### FAIR DEBT COLLECTION PRACTICES ACT

### Unfair Practices – 15 U.S.C. § 1692f(1)

65.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

FIRST AMENDED CLASS ACTION COMPLAINT

66.     Plaintiff brings this claim on behalf of himself and all members of the Class, defined above.

67.     Section 1692f(1) of the FDCPA forbids "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

68.     The amounts that Defendant PMS sought to collect from Plaintiff and others similarly situated for debts allegedly owed to EACMC as a result of treatment it provided are not permitted by law, because they were not expressly authorized by any agreement.  There were no written agreements creating a debt.

69.     In addition, and in the alternative, the amounts Defendant PMS sought to collect from Plaintiff and others similarly situated for debts allegedly owed to EACMC as a result of treatment it provided are in excess of that permitted by law.

70.     Plaintiff would only have an obligation to pay if EACMC sued him, established the elements of a quantum meruit or unjust enrichment claim, and obtained a court order creating a legal obligation to pay.  Thereafter, a judge would determine the appropriate market rate for services rendered as a remedy, which would be substantially lower than the amounts they charged.  Whether EACMC could establish those elements is uncertain at best, but it did not even try to establish the elements in court and, therefore, Plaintiff does not currently owe EACMC anything.

71.     There are no California laws expressly permitting debt collectors to collect from an uninsured patient for amounts when there is no contract and no court order.

//

//

FIRST AMENDED CLASS ACTION COMPLAINT

# COUNT III

## (Against Both Defendants)

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### California Civil Code § 1788.17

72.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73.    Plaintiff brings this claim on behalf of himself and all members of the Class, defined above.

74.    Plaintiff and others similarly situated are "persons" as defined in Cal. Civ. Code § 1788.2(g).

75.    Defendants are "debt collectors" as defined in Cal. Civ. Code § 1788.2(c), because PMS regularly, in the course of business, on behalf of EACMC, or others, engages in debt collection.

76.    Plaintiff is informed and believes EACMC is one who regularly collects or attempts to collect debts on behalf of themselves and is therefore a "debt collector" within the meaning of and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

77.    The money Defendants sought to collect as allegedly owed to EACMC constitutes a "debt" as defined by Cal. Civ. Code § 1788.2(d).

78.    Upon information and belief, Defendants were attempting to collect on a debt that was a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

79.    The Rosenthal Act makes violations of the federal FDCPA violations of California law.  Cal. Civ. Code § 1788.17.

80.    Plaintiff seeks remedies under Ca. Civ. Code § 1788.30 (in addition to the FDCPA remedies) for the FDCPA violations listed above in Counts I-II, including statutory damages, costs, and attorneys' fees.

81.    By representing that a specific amount was presently due, without a disclaimer that the amounts were uncertain estimates of the value of their claims, Defendants made false representations to Plaintiff and the Class regarding the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

82.    Plaintiff and others in the proposed Class have suffered injury as a result of Defendants' illegal behavior.

83.    Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff and the Class to statutory damages pursuant to Civil Code § 1788.30(b).

## COUNT IV

### (Against Both Defendants)

### CALIFORNIA UNFAIR COMPETITION LAW

### Section 17200 of the California Business & Professions Code

84.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85.    Plaintiff brings this claim on behalf of himself and all members of the Class, defined above.

86.    By engaging in the violations of the FDCPA and Rosenthal Act detailed above, Defendants have violated all three prongs of the Unfair Competition Law:  their behavior is unfair, unlawful and fraudulent.

87.    Defendants' behavior offends established public policy, and it is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

88.    The gravity of the harm alleged herein far outweighs any utility that could be attributed to Defendants' behavior.

89.    A reasonable person is likely to be deceived by Defendants' actions and statements that they undertake in the collection of debt, detailed herein.

90.     Defendants engaged in unlawful conduct, namely, violations of the FDCPA and Rosenthal Act.

91.     Plaintiff and the Class suffered, and will continue to suffer, economic injury as a result of Defendants' acts set forth herein.

92.     Mr. Fernandez has expended time and effort challenging Defendants' unfair and unlawful conduct, and now lives with an imminent threat that he will be forced to pay these improper bills. In addition, PMS reported EACMC's improper, unlawful bills as derogatory marks on Mr. Fernandez's credit report, damaging his ability to obtain credit.

**COUNT V**

**(Against Both Defendants)**

**CONSUMER LEGAL REMEDIES ACT**

**CAL. CIV. CODE § 1750 *ET SEQ.***

93.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.     Plaintiff brings this claim on behalf of himself and all members of the Class, defined above.

95.     The California Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

96.     Defendants' billing and collection practices are unfair and deceptive within the meaning of the CLRA, including under Cal. Civ. Code §§ 1770(a)(5), (7), (14), and (19).

97.     Defendants are both "persons" under Cal. Civ. Code § 1761(c).

98.     Plaintiff and class members are "consumers," as defined by Cal. Civ. Code § 1761(d).

FIRST AMENDED CLASS ACTION COMPLAINT

99.    As alleged in this complaint, Defendants have engaged in both "unfair" and "deceptive" acts.   Defendants billed and sought collection of amounts for inflated prices that they are not lawfully entitled to recover.   Defendants knew that these prices were inflated and false.

100.    These inflated prices have caused Plaintiff and the class to incur debt that they otherwise would not have incurred.   Defendants' deceptive and illegal billing practices have caused substantial economic injuries to consumers in the state of California.

101.    Mr. Fernandez has expended time and effort challenging Defendants' unfair and unlawful conduct, and now lives with an imminent threat that he will be forced to pay these improper bills. In addition, PMS reported EACMC's improper, unlawful bills as derogatory marks on Mr. Fernandez's credit report, damaging his ability to obtain credit.

102.    Plaintiff seeks an order enjoining Defendants' unfair and deceptive acts and practices, restitution, costs of court, and attorney fees pursuant to Cal. Civ. Code § 1780(e), and any other just and proper relief available under the CLRA.

103.    Pursuant to California Civil Code § 1782, Plaintiff will send Defendants a CLRA demand letter via certified mail. If Defendants fail to provide the relief demanded within the time allowed by law, Plaintiff will amend his Complaint to seek actual and punitive damages for violation of the CLRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Certify this action as a Class Action under Rule 23(a) and (b)(3) and appoint Plaintiff as representative of the Class and his attorneys as Class Counsel for the Class;

2. Find that PMS violated the FDCPA, 15 U.S.C. §§ 1692e and 1692f, and that PMS and EACMC violated the Rosenthal Act, Cal. Civ. Code § 1788.17, the California Unfair Competition Law, Cal. Bus. & Prof. Code

§ 17200 ("UCL"), and the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750;

3. Enter judgment in favor of Plaintiff and the Class and against Defendants for (i) restitution under the UCL, Cal. Bus. & Prof. § 17203; (ii) injunctive relief under the CLRA, Ca. Civ. Code § 1780(a)(2) and UCL, Cal. Bus. & Prof. § 17203 to cease the illegal debt collection practices, and (iii) the maximum amount of actual and statutory damages provided under 15 U.S.C § 1692k and Cal. Civ. Code § 1788.30, calculated cumulatively;

4. Award the Class costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), Cal. Civ. Code § 1788.30(c), and Cal. Civ. Code § 1780(e); and

5. Grant such other further relief as is necessary and proper.

Respectfully submitted,

Date: October 6, 2021

SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP

By:   /s/ Helen I. Zeldes
Helen I. Zeldes
hzeldes@sshhzlaw.com
501 W. Broadway, Suite 800
San Diego, California 92101

CONSUMER ATTORNEY ADVOCATES INC.
Patric Lester
5694 Mission Center Road, #358
San Diego, California 92108
Telephone: (619) 665-3888

JUSTICE CATALYST LAW, INC.
Janet Herold (186419)
jherold@justicecatalyst.org
123 William Street, 16th Floor
New York, New York 10038
Telephone: (202) 981-1124

*Attorneys for Plaintiff and the Class.*

19

FIRST AMENDED CLASS ACTION COMPLAINT

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff, on behalf of himself and the proposed Class, demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: October 6, 2021

SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP

By:  /s/ Helen I. Zeldes
Helen I. Zeldes
hzeldes@sshhzlaw.com
501 W. Broadway, Suite 800
San Diego, California 92101

CONSUMER ATTORNEY ADVOCATES INC.
Patric Lester
5694 Mission Center Road, #358
San Diego, California 92108
Telephone: (619) 665-3888

JUSTICE CATALYST LAW, INC.
Janet Herold (186419)
jherold@justicecatalyst.org
123 William Street, 16th Floor
New York, New York 10038
Telephone: (202) 981-1124

*Attorneys for Plaintiff and the Class.*

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT A

**From:** Andrew A. Bao <aabao@ww.law>
**Sent:** Wednesday, October 6, 2021 12:06 PM
**To:** hzeldes@sshhzlaw.com
**Subject:** RE: Fernandez v. PMS: consent to file amended complaint

Hi Helen,

I consent to filing of FAC.

Thanks,



Andrew A. Bao, Attorney at Law
WOLFE & WYMAN LLP
6757 Spencer Street • Las Vegas, NV  89119
Tel. (702) 476-0100 • Fax  (702) 476-0101
Email:  aabao@ww.law | Download vCard

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.  You will be promptly reimbursed for all costs of mailing.  Thank you.

**From:** hzeldes@sshhzlaw.com <hzeldes@sshhzlaw.com>
**Sent:** Wednesday, October 6, 2021 11:58 AM
**To:** Andrew A. Bao <aabao@ww.law>
**Subject:** Fernandez v. PMS: consent to file amended complaint

**This message is from an external sender. Use caution when opening links and attachments.**

Hi Andrew,

This is to confirm your consent under FRCP Rule 12(a)(2) to Plaintiff filing an amended complaint.  Since the rules require your consent in writing, if you would kindly do so by replying to this em

We are happy to work with you on a hearing and briefing schedule.  We will be filing our amended complaint today.

Best regards,

Helen

Helen I. Zeldes, partner



501 W. Broadway, Suite 800, San Diego CA 92101
P: (619) 400-4990 | F: (310) 399-7040
http://www.sshhzlaw.com
hzeldes@sshhzlaw.com
Notice: This email and any attachments hereto may contain private, confidential, and privileged material for the sole use of the intended recipient and is the property of SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP. Any review, copying, or distribution of this email or any attachments thereto by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email a

