Andrew A. Bao (SBN 247092)
aabao@ww.law
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone:  (949) 475-9200
Facsimile:  (949) 475-9203

Attorneys for Defendant
EMERGENCY AND ACUTE CARE MEDICAL CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>　　　　　Defendants. | CASE NO.: 3:21-CV-00841-BEN-WVG<br><br>Assigned to Hon. Roger T. Benitez<br>Magistrate:  Hon. William V. Gallo<br>Courtroom:  5A<br><br>**DEFENDANT EMERGENCY AND ACUTE CARE MEDICAL CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS UNDER FRCP RULE 23**<br><br>Date:　　　November 22, 2021<br>Time:　　　10:30 a.m.<br>Place:　　　Courtroom 5A<br><br><br>Trial Date:　　None Set<br>Action Filed:  April 30, 2021 |

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE 3:21-CV-00841-BEN-WVG**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In this action, Plaintiff Hector Fernandez ("Plaintiff") alleges EACMC charged excessive fees for medical services and that co-defendant Progressive Management Systems ("Progressive") thereafter wrongfully attempted to collect a debt on EACMC's behalf. There are no allegations Plaintiff paid EACMC any monies as a result of this activity. Yet, the First Amended Complaint ("FAC") alleges a putative class action against EACMC and Progressive for all California residents who may have received unspecific treatment from EACMC and also received communications from Progressive (FAC ¶46).

As set forth herein, the FAC fails to allege three of the four FRCP 23(a) factors and fails to allege all three of the FRCP 23(b) factors in order to proceed with the class allegations against EACMC. Plaintiff's claims are based on disputed charges for medical services EACMC rendered to Plaintiff for a specific injury, followed by debt collection activity from Progressive. Yet, the proposed class allegations are for any California resident who "received treatment" from EACMC, which would by definition encompass a vast array of different ailments and medical conditions that cannot be adjudicated on a class wide level. Given the highly particularized nature of medical injuries, diagnoses and treatments thereto, it logically follows that a class action to adjudicate such claims are not in the best interests of the proposed class.

Absent extraordinary circumstances, a court's decision on class allegations will not be overturned. Here, Plaintiff was given a chance to amend the complaint and still has not alleged a viable putative class against EACMC. The FAC only amends the class allegations to address the numerosity factor in FRCP 23(a) without addressing any of the other FRCP 23(a) and (b) factors that are required to be pled at this stage in the litigation. At a bare minimum, it is premature to allege a class action against EACMC and only creates unnecessary burden and expense.

Accordingly, EACMC hereby moves to strike all class allegations set forth against it.

## II. SUMMARY OF ALLEGATIONS

In October 2018, Plaintiff allegedly underwent surgery on his ankle and was uninsured at the time (FAC ¶¶11-12). A third party, Sharp Memorial Hospital, allegedly represented the out of pocket costs to Plaintiff (FAC ¶¶13). Thereafter, Plaintiff allegedly received additional bills from EACMC, requesting additional and unspecific amounts. (FAC ¶15).

In a January 25, 2019 letter, Plaintiff allegedly sent written questions to contest the validity of EACMC's charges and to request verification of the amount owed without specifying whether this letter was sent to EACMC (FAC ¶17). Plaintiff and his wife allegedly "continued to dispute the validity of EACMC's bills by phone and letter" without specifying to whom these disputes were made (FAC ¶18). A year later, on or about January 6, 2020, Plaintiff allegedly called EACMC to discuss these charges (FAC ¶19). There are no allegations describing what was discussed with EACMC during this telephone call that occurred more than one year after Plaintiff began disputing EACMC's charges.

On or about January 20, 2020, Plaintiff allegedly received a collection notice from Progressive for $2,759.51 (FAC ¶20). On or about February 18, 2020, Plaintiff received another collection notice from Progressive for $723 (FAC ¶21). On March 23, 2020, Progressive allegedly responded to Plaintiff's attempt to dispute the debt, including his January 6, 2020 call. (FAC ¶23). On May 1, 2020, Progressive allegedly advised Plaintiff that he now owes $3,562 as a result of EACMC's bills (FAC ¶24).

Plaintiff alleges that EACMC inflated the amounts owed as to the medical services provided (FAC ¶¶31-32) and did so without a contract in place (FAC ¶¶34-36). Further, the FAC alleges Progressive's collection notice are in violation of debt collection laws (FAC ¶¶43-45).

Based on these allegations, Plaintiff alleges a proposed class of persons that include all California resident "who received treatment from EACMC and received one or more communications from [Progressive] seeking payments for that treatment, and who were either out of network or uninsured at the time care was provided." (FAC ¶46). For the reasons set forth herein, this putative class should be stricken from the FAC without leave to amend.

## III. STANDARD OF REVIEW

Pursuant to FRCP 12(f), a court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FRCP 12(f); *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F3d 970, 973-974 (9th Cir. 2010). In the context of class action allegations, "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." FRCP Rule 23(c)(1)(A). This rule has been used to properly consider the allegations of the complaint and answer in determining the existence of the prerequisites and grounds for a class action. *Blackie v. Barrack,* (9th Cir. 1975), 524 F. 2d. 891, 900-901. If the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery. *Sanders v. Apple Inc.*, (N.D.Cal.2009), 672 F. Supp. 2d 978.

For purposes of pleading class allegations, the burden of proof is on plaintiff to demonstrate that the questions of law are clear and that all FRCP Rule 23 factors exist. *Parsons v. Ryan* (9th Cir. 2014), 754 F. 3d 657, 674. Plaintiff bears the burden of pleading facts sufficient to state a claim and the Court will not supply a central element of a claim that a plaintiff did not plead. *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).

Based on this standard, any class action allegations against EACMC should be stricken from the FAC.

///

## IV. LEGAL ARGUMENT

### A. The FRCP Rule 23(a) Factors Cannot be Met

FRCP Rule 23(a) requires all four of the following elements to be pled in order to proceed with a class action: (1) numerous parties; (2) common questions of law or fact; (3) typicality of claims amongst the class; and (4) adequate representation. As detailed herein, the FAC does not adequately plead all of these factors and thus the class allegations against EACMC should be stricken from the FAC.

#### 1. Typicality – The FAC's Allegations Cannot Allege All Putative Class Members Suffered the Same Cognizable Injury

As for the typicality factor, the class representative's claim must "possess the same interest and suffer the same injury" as the unnamed class members. *General Tel. Co. of Southwest v. Falcon* (1982), 457 U.S. 147, 156. The named Plaintiff's injuries do not need to be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992).

Here, the FAC alleges Plaintiff and the putative class members have suffered similar injuries because of "Defendants" systemic polices and debt collection practices (FAC ¶50). The FAC alleges EACMC overcharged Plaintiff for a medical procedure relating to his ankle (FAC ¶¶32-33). It is unclear if the class definition is seeking class members that EACMC allegedly overcharged for *any* medical services or that EACMC overcharged patients for medical services relating only to medical procedures involvement ankles. It would appear the FAC is asserting the former (i.e., that EACMC overcharged all of its patients for any medical services). If so, each patient's injuries would be highly individualized and EACMC's alleged charges to each patient would vastly differ depending on the patient's injuries. Even if the class definition only sought class members who obtained EACMC medical treatment for

1 broken ankles, the treatment for broken ankles can widely differ based on the patient's medical history and applicable insurance.

Accordingly, as pled, Plaintiff's claims could not be typical of other putative class members unless all class members suffered broken ankles in the same general manner as Plaintiff *and* EACMC charged similar amounts to such patients.  This is not the case here, and each class member would be subject to vastly differing amounts billed by EACMC depending on the underlying medical injury.  Based on these allegations it is impossible to determine whether Plaintiff's claims are typical of all class members and thus this element is not met.

### 2. The FAC Does Not Allege the Lead Plaintiff Adequately Represents All Purported Class Members

The lead plaintiff must be able to "fairly and adequately protect the interests" of all other class members.  Generally, this requires the lead plaintiff possess interests antagonistic to the remainder of the class and to "prosecute the action vigorously" on behalf of the class.  *In re: Mego Fin'l Corp. Secur. Litig.* (9th Cir. 2000), 213 F. 3d. 454, 462.

Here, the FAC alleges the lead plaintiff was uninsured at the time of the surgery (FAC ¶12).  The proposed class definition seeks class members that were *either* uninsured or out of network at the time care is provided (FAC ¶46).  Plaintiff, who is uninsured, cannot adequately represent the interests of persons that were insured but out of network.  An insured and uninsured individual are in vastly different circumstances when seeking medical care.

Thus, in addition to Plaintiff's injuries not being typical of other potential claims members, Plaintiff's status as an uninsured person would also prevent him from fairly and adequately representing all class members as defined in the State Law Class.

///

///

### B. FRCP Rule 23(b) factors

In addition to being required to show *all* four FRCP Rule 23(a) factors, Plaintiff must also demonstrate one or more of the following under FRCP Rule 23(b): 1) risk of prejudice from separate actions; 2) injunctive sought for class; or 3) predominant common questions and superior remedies.  Here, the FAC does not demonstrate any of these three factors.

#### 1. No Risk of Prejudice from Separate Actions

Here, there would be no risk of prejudice of other aggrieved class members if they litigated the same facts and circumstances in separate lawsuits.  Even if this action proceeds to judgment between Plaintiff and EACMC, such a judgment would have no effect on another individual claiming EACMC wrongfully billed said individual for medical care rendered.  Each individual's damages would also vastly differ depending on the medical care received by each individual, the amount billed by EACMC and/or the amount paid by each individual to EACMC.  For example, here there are no allegations Plaintiff paid any monies to EACMC in response to the disputed charges.  However, in other situations, the individual may have tendered payment to EACMC for disputed charges either partially or in full.

Accordingly, each individual is entitled to litigate their own specific facts and circumstances if so warranted.  There is no risk of prejudice to Plaintiff or any other party if this action proceeds to judgment as only between Plaintiff and Defendants herein.

#### 2. The Requested Injunctive / Declaratory Relief Cannot be Sought Against EACMC.

Absent injunctive or equitable relief, claims for pure money damages are grounds to decertify a class.  *Wal-Mart Stores, Inc. v. Dukes* (2011), 131 S. Ct. 2541, 2558.  The high court's rational were that money damages, standing alone, are too "individualized" to create a common objective and/or adequate recovery amongst the class members. Id.

Here, the only injunctive relief is to enjoin "debt collection practices" against Defendants based on Plaintiff's UCL and CLRA claims (FAC at 19, Prayer for Relief, ¶3).  However, as set forth in the accompanying motion to dismiss, Plaintiff's UCL and CLRA claims fail against EACMC.  Accordingly, without injunctive or declaratory relief available to all class members against EACMC, the monetary damages are too individualized such that asserting a class action against EACMC should be stricken.

### 3. Predominant Common Questions and Superior Remedies are Not Present in this Action.

There must be a common issue of law or fact such that a class action is a "superior vehicle" to litigate an action as opposed to individual actions.  *See e.g., Johnson v. General Mills, Inc.* (C.D. Cal. 2011), 275 FRD 282 (class action superior remedy because injured consumers extremely unlikely to pursue their claims on an individual basis regarding false representation of yogurt products); *Alger v. FCA US LLC,* (E.D. Cal. 2020), 334 FRD 415 (class action superior remedy because each class member only entitled to a small amount of money that without a class action is unlikely to be adjudicated).

Here, the class action is not a "superior remedy" for all class members.  As noted above, each individual's actual damages will vary significantly depending on the medical treatment received by EACMC.  Some class members may have paid EACMC while other class members will not have paid EACMC any monies for disputed charges.  Medical treatment in this country is not inexpensive by any means, and thus there is no risk that a putative class member would fail to file a claim against EACMC if the class member determined it could recover any monies paid to EACMC as a result of unreasonable fees.  Thus, the remedies available in a class action, as pled, do not appear to be superior to that of individualized lawsuits.

On the contrary, by proceeding with a class action against EACMC, it likely creates inferior results for the class members and their particularized injuries.

### B.     The Class Allegations Should be Dismissed Without Leave to Amend

Under Fed. R. Civ. P. 15(a)(2), a court's denial of a motion for leave to amend will be reversed only for abuse of discretion. *Swanson v. United States Forest Service* (9th Cir. 1996) 87 F. 3d 339, 343.   When a party has already been granted leave to amend, it is not error to deny leave to amend, much less abuse of discretion. *see Dower v. United Airlines, Inc.,* 329 F. 2d 684, 685 (9th Cir. 1964). Specifically, leave to amend may be denied if a proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F. 3d 1002, 1008 (9th Cir. 2011).  A proposed amendment is futile if "it is clear…that the complaint could not be saved by any amendment." *Krainski v. State of Nevada ex rel. Bd. of Regents of Higher Ed*, 616 F. 3d 963, 973 (9th Cir. 2010).  Where a motion to dismiss is granted, a district court should deny leave to amend when it is clear that the complaint could not be saved by any amendment. *(See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

Here, Plaintiff amended the complaint to resolve the numerosity factor set forth in Rule 23(a) by proposing a class that received treatment from EACMC and also received a communications from Progressive (as opposed to "received treatment from EACMC *and/or* "received communications from Progressive."  Compare FAC ¶46 to Complaint ¶43).  However, this amendment does not resolve any of the other issues set forth in this motion.  Plaintiff's claims are for statutory damages against EACMC for alleged debt collection violations.  The Court should not allow Plaintiff to augment this claim by proceeding with a class action on individualized medical injuries that patients may or may not have repaid.

///
///
///
///
///

## V. CONCLUSION

For these reasons, the motion to strike should be granted in its entirety as to the class allegations asserted against EACMC.

DATED: October 20, 2021	WOLFE & WYMAN LLP

By: */s/Andrew A. Bao (SBN 247092)*
    ANDREW A. BAO
Attorneys for Defendant
**EMERGENCY AND ACUTE CARE MEDICAL CORP.**
E-mail: aabao@ww.law