Andrew A. Bao (SBN 247092)
*aabao@ww.law*
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
EMERGENCY AND ACUTE CARE MEDICAL CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>　　　　Defendants. | CASE NO.: 3:21-CV-00841-BEN-WVG<br><br>Assigned to Hon. Roger T. Benitez<br>Magistrate: Hon. William V. Gallo<br>Courtroom: 5A<br><br>**DEFENDANT, EMERGENCY AND ACUTE CARE MEDICAL CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP Rule 12(b)(6)**<br><br>Date:　　November 22, 2021<br>Time:　　10:30 a.m.<br>Courtroom:　5A<br><br>Trial Date:　None Set<br>Action Filed: April 30, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In this action, Plaintiff Hector Fernandez ("Plaintiff") alleges Defendant Emergency and Acute Care Medical Corporation ("EACMC") charged excessive fees for medical services and that co-defendant Progressive Management Systems ("Progressive") thereafter wrongfully attempted to collect the debt on EACMC's behalf.  There are no allegations Plaintiff paid EACMC any monies as a result of this alleged activity.  However, the First Amended Complaint ("FAC") alleges claims for violation of the federal and California debt collection practices statutes ("FDCPA" and "CFDCPA," respectively), violation of California Business & Professions Code §17200 claim ("UCL") and violation of California Civil Code §1750 claim ("CLRA")[1].

Based on the allegations, the FAC fails to allege viable UCL or CLRA claims against EACMC.  As to alleged violations of the UCL, the FAC fails to allege any facts demonstrating EACMC has engaged in any unlawful, unfair or fraudulent business practices that caused actual harm or injury-in-fact to Plaintiff.  As to the alleged violations of the CLRA, the FAC fails to allege any facts demonstrating how Plaintiff has suffered damages as a result of EACMC's alleged methods or practices.

Defendant EACMC voluntarily stipulated to Plaintiff amending his complaint without the need for court intervention.  However, the UCL and CLRA claims have not been substantively amended in any capacity and remains subject to dismissal. Accordingly, this Court can and should find that the UCL and CLRA claims against EACMC should be dismissed from this action without leave to amend.

## II. PERTINENT ALLEGATIONS

In October 2018, Plaintiff allegedly underwent surgery on his ankle and was uninsured at the time (FAC ¶¶11-12).  A third party, Sharp Memorial Hospital,

---

[1] The FDCPA claim is not alleged against EACMC.

allegedly represented the out of pocket costs to Plaintiff (FAC ¶¶13). Thereafter, Plaintiff allegedly received additional bills from EACMC, requesting additional and unspecific amounts. (FAC ¶15).

In a January 25, 2019 letter, Plaintiff allegedly sent written questions to contest the validity of EACMC's charges and to request verification of the amount owed without specifying whether this letter was sent to EACMC (FAC ¶17). Plaintiff and his wife allegedly "continued to dispute the validity of EACMC's bills by phone and letter" without specifying to whom these disputes were made (FAC ¶18). A year later, on or about January 6, 2020, Plaintiff allegedly called EACMC to discuss these charges (FAC ¶19). There are no allegations describing what was discussed with EACMC during this telephone call that occurred more than one year after Plaintiff began disputing EACMC's charges.

On or about January 20, 2020, Plaintiff allegedly received a collection notice from Progressive for $2,759.51 (FAC ¶20). On or about February 18, 2020, Plaintiff received another collection notice from Progressive for $723 (FAC ¶21). On March 23, 2020, Progressive allegedly responded to Plaintiff's attempt to dispute the debt, including his January 6, 2020 call. (FAC ¶23). On May 1, 2020, Progressive allegedly advised Plaintiff that he now owes $3,562 as a result of EACMC's bills (FAC ¶24).

Plaintiff alleges that EACMC inflated the amounts owed as to the medical services provided (FAC ¶¶31-32) and did so without a contract in place (FAC ¶¶34-36). Further, the FAC alleges Progressive's collection notice are in violation of debt collection laws (FAC ¶¶43-45).

Based on these allegations, Plaintiff alleges claims for violation of CFDCPA, UCL and CRLA against EACMC. For the reasons set forth herein, the UCL and CRLA claims should be dismissed without leave to amend.

### III. <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

1  claim or claims stated in the complaint.  (*Bell Atlantic Corp. v. Twombly*, 550 U.S.
2  544 (2007).   A motion pursuant to Rule 12 (b)(6) is proper where there is either a lack
3  of a cognizable legal theory or the absence of sufficient facts alleged under a
4  cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th
5  Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th
6  Cir. 1984).

7       The plaintiff bears the burden of pleading facts sufficient to state a claim and
8  the Court will not supply a central element of a claim that a plaintiff did not
9  plead.  *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).  Conclusory statements in
10 a complaint will not satisfy a plaintiff's burden of pleading and will not survive a
11 motion to dismiss.  "[T]he tenet that a court must accept as true all of the allegations
12 contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of
13 the elements of a cause of action, supported by mere conclusory statements, do not
14 suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

15      Based on the FAC's allegations and this standard of review, the UCL and
16 CLRA claims against EACMC should be dismissed without leave to amend.

17 **IV.**     **LEGAL ARGUMENT**

18      **A.**     **The UCL Claim Fails to State a Claim Against EACMC**

19      Plaintiff claims a violation of the UCL due to EACMC's alleged violations of
20 the FDCPA and the CFDCPA (FAC ¶86.)  However, Plaintiff lack standing to bring
21 such a claim and the FAC lacks allegations to support EACMC engaged in any
22 unlawful, unfair, or fraudulent conduct.

23         **1.**     **Plaintiff Lacks Standing to Assert a UCL Claim**

24      A private individual has standing to assert a UCL claim only if he or she can (1)
25 establish an "injury in fact" under the standing requirements of the United States
26 Constitution; and (2) show that he or she has lost money or property as a result of the
27 violation.  California *Business & Professions Code* §§ 17204 and 17535.  The lost
28 money or property must be of the kind that is "eligible for restitution" as "remedies

for individuals under the UCL are restricted to injunctive relief and restitution." *Walker v. Geico Gen. Ins. Co*. (9th Cir. 2009) 558 F.3d 1025, 1027. Restitution under the UCL statutes is to restore to any person an interest in any money or property, real or personal, which may have been acquired by means of a violation. *California Business & Professions Code* §§17203 and 17535. It is not the recovery of damages, which are not allowed under the statute. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1144, 1150. Indeed, a UCL claim permits only two remedies—injunctive relief and restitution. *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 371.

Here, Plaintiff lacks standing to allege a UCL claim because the FAC fails to allege Plaintiff lost money or property as a result of EACMC's conduct. There are no allegations Plaintiff *paid* the monies demanded by Progressive on behalf of EACMC. Indeed, there are no allegations of *any* injury in fact– no indication EACMC attempted to enforce a debt on Plaintiff's assets or that EACMC negatively report information on Plaintiff's credit. The FAC alleges that Plaintiff talked with EACMC about one year after EACMC bills were received (FAC ¶¶17-19), but there are no allegations that Plaintiff paid any of these EACMC bills or EACMC otherwise attempted collection activity against Plaintiff. Rather, the FAC alleges that Progressive eventually began collection activity against Plaintiff (FAC ¶¶20-24).

While Plaintiff claims EACMC charged unreasonable medical fees and/or the amount owed was misrepresented in some fashion, this is not actionable under the UCL when Plaintiff has not lost any money or property as a result of these alleged unreasonable or misrepresented fees. Plaintiff may claim damages in terms of statutory damages under FDCPA or RFDCPA for debt collection practices, but statutory damages are not a basis to create standing to assert a UCL claim against EACMC for suffering an injury in fact. Accordingly, Plaintiff has no standing to allege a UCL claim against EACMC and this claim should be dismissed without leave to amend.

///

### 2. There are No Allegations of Unlawful, Unfair, or Fraudulent Practices

The UCL statutes prohibit unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. "Because California Business & Professions Code §17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 181. Here, the FAC fails to allege any of these three prongs against EACMC.

A UCL claim for unlawful acts is only as valid as the underlying allegations that assert a claim for relief. *DiPirro v. American Isuzu Motors, Inc.* (2004) 119 Cal.App.4th 966. Here, the underlying claims supporting the UCL claim are for violations of the FDCPA and CFDCPA (FAC ¶86). No other predicate claims for relief are alleged. As set forth herein, EACMC is not a party to the FDCPA claims and the CFDCPA claim fails against EACMC because Plaintiff cannot establish injury in fact to proceed with a UCL claim.

A claim for unfair activity under the UCL requires the Plaintiff to plead "conduct [that] threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Byars v. SCME Mortgage Bankers*, 109 Cal.App.4th 1134, 1147 (2003). Alternatively, a practice is unfair if it violates public policy that is tethered to specific constitutional, statutory, or regulatory provisions. *Scripps Clinic v. Sup. Ct.*, 108 Cal.App.4th 917 (2003). Here, there are no claims that EACMC threatened or harms any competition in any industry. There is no specific public policy that EACMC is alleged to have violated that is tethered to constitutional, statutory, or regulatory provisions.

Lastly, to the extent the UCL claim is based on fraudulent conduct, the general

test for whether an act is considered "fraudulent" under the UCL is whether members of the general public are likely to be deceived. *Comm. on Children's TV v. Gen. Foods Corp.* (1983) 35 Cal.3d 197, 211.  Moreover, UCL claims alleging fraudulent business practices trigger a heightened pleading requirement requiring plaintiffs to allege the circumstances constituting fraud with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  Here, the FAC does not allege EACMC engaged in fraudulent business practices, much less meet the heightened pleading standard required by law.  Rather, EACMC is alleged to have charged unreasonable fees for medical services that Plaintiff has not paid (FAC ¶33) and/or Plaintiff never entered into a contract for such services with EACMC (FAC ¶¶34-36).  However, Plaintiff appears to have received the medical services and now disputes the charges and how they are being collected.  Such allegations do not rise to the level of fraud.

Accordingly, the UCL claim should be dismissed against EACMC.

### B. The CLRA Claim Also Fails Against EACMC

Under the CLRA, "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action." *Cal. Civil Code* §1780(a).  Although "any damage" is broader than "actual damage," "some kind of damage must result." *Meyer v. Sprint Spectrum L.P.,* 45 Cal. 4th 634, 641, 88 Cal. Rptr. 3d 859 (2009).  Thus, Plaintiff in a CLRA action must show not only that a defendant's conduct was deceptive but that the deception caused them harm. *Buckland v. Threshold Enterprises, Ltd.* (Cal. 2007), 155 Cal. App. 4th 798, 809.

Here, as with the UCL claim, Plaintiff has failed to allege he has suffered any damages as a result of the unlawful method, act or practice. There are no allegations that Plaintiff has paid any monies to EACMC or that EACMC has taken any action that has caused actual harm to Plaintiff.  Plaintiff received medical services and does not appear to have paid any monies to EACMC because Plaintiff disputes the amount, nature and character of the medical services EACMC provided.  A dispute as to

charges, without having suffered actual damage, is insufficient to show Plaintiff suffered damages to proceed with a CLRA claim.

### C. The UCL and CLRA Should be Dismissed Without Leave to Amend because Leave to Amend Would be Futile.

Under Fed. R. Civ. P. 15(a)(2), a court's denial of a motion for leave to amend will be reversed only for abuse of discretion. *Swanson v. United States Forest Service* (9th Cir. 1996) 87 F. 3d 339, 343. When a party has already been granted leave to amend, it is not error to deny leave to amend, much less abuse of discretion. *See Dower v. United Airlines, Inc.,* 329 F. 2d 684, 685 (9th Cir. 1964). Specifically, leave to amend may be denied if a proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F. 3d 1002, 1008 (9th Cir. 2011). A proposed amendment is futile if "it is clear…that the complaint could not be saved by any amendment." *Krainski v. State of Nevada ex rel. Bd. of Regents of Higher Ed*, 616 F. 3d 963, 973 (9th Cir. 2010). Where a motion to dismiss is granted, a district court should deny leave to amend when it is clear that the complaint could not be saved by any amendment. *(See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

Here, should the Court grant this motion to dismiss as to the UCL and CLRA claims, Plaintiff should not be given leave to amend. As against EACMC, this is a case about alleged debt collection practices that allegedly violates the RFDCPA. However, in two iterations of the operative pleading, there is not one allegation that Plaintiff has paid any monies to EACMC in response to the disputed charges and fees. Indeed, the FAC amends the allegations to the extent it further attempts to clarify the communications that Plaintiff had with EACMC regarding the disputed charges and fees (FAC ¶¶17-19). Without asserting that Plaintiff actually suffered actual damages as a result of the alleged debt collection practices, however, providing leave to amend the UCL and CLRA claims would be futile. Plaintiff's claims are for statutory

damages pursuant to the RDCFPA, and this Court should not allow Plaintiff to "piggyback" other claims to augment his potential recovery.

## V. CONCLUSION

For these reasons, the UCL and CLRA claims should be dismissed against EACMC without leave to amend.

DATED: October 20, 2021  WOLFE & WYMAN LLP

By: */s/Andrew A. Bao (SBN 247092)*
ANDREW A. BAO
Attorneys for Defendant
**EMERGENCY AND ACUTE CARE MEDICAL CORP.**
E-mail: aabao@ww.law