**SCHONBRUN SEPLOW**
**HARRIS HOFFMAN & ZELDES LLP**
HELEN I. ZELDES (220051)
hzeldes@sshhzlaw.com
BEN TRAVIS (305641)
btravis@sshhzlaw.com
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-4990

**CONSUMER ATTORNEY ADVOCATES INC.**
PATRIC LESTER (220092)
5694 Mission Center Road, #358
San Diego, California 92108
Telephone: (619) 665-3888

*Attorneys for Plaintiff.*

*[Additional attorneys listed on signature page]*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>Defendants. | Case No.: 3:21-cv-0841-BEN (WVG)<br>*Assigned to: Hon. Roger T. Benitez, Courtroom: 5A*<br><br>**PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT EMERGENCY AND ACUTE CARE MEDICAL CORP'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS UNDER FRCP RULE 23**<br><br>*Hearing:*<br>Date: December 13, 2021<br>Time: 10:30 a.m.<br>Ctrm: 5A |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................... 1

III. LEGAL STANDARD FOR MOTIONS TO STRIKE ............................... 2

IV. ARGUMENT ............................................................................................. 3

    A.   Defendant's Motion is Premature ....................................................... 3

    B.   The Court Should Wait to Decide the Issues Raised in Defendant's Motion Until it Has Reviewed Plaintiff's Full Briefing on Class Certification ......................................................................................... 5

    C.   This Case is Well-Suited for Certification .......................................... 6

    D.   Plaintiff Adequately Pled All Elements of Rules 23(a) ...................... 6

        1.   Plaintiff's Claims Are Typical of the Class ............................ 6

        2.   Plaintiff Adequately Represents the Class .............................. 8

    E.   Plaintiff Satisfies the Requirements of Rule 23(b) ............................. 8

        1.   Common Questions of Law Predominate ............................... 9

        2.   A Class Action is Superior to Individual Actions .................. 9

V.   CONCLUSION ....................................................................................... 10

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I.      INTRODUCTION** |

Defendant Emergency and Acute Care Medical Corp's ("EACMC" or "Defendant") Motion to Strike seeks to preemptively strike Plaintiff's class allegations before *any* discovery has been had and long before class certification is briefed. Defendant's Motion is exceedingly premature and strongly disfavored under settled precedent. Motions to strike class allegations are disfavored except in the rare instance where it's obvious from the pleadings that the class treatment would not be proper, which is not the case here. *See*, e.g., *Wisdom v. Easton Diamond Sports*, L.L.C., 824 Fed. Appx. 537, 538 (9th Cir. 2020) (holding that that striking of plaintiff's class allegations on the pleadings on the grounds that common questions either did not exist or did not predominate was premature and thus an abuse of discretion).

Plaintiff has more than adequately pled all the elements of Federal Rules of Civil Procedure ("FRCP" or "Rule") 23(a) and (b). Defendant's Motion should be denied in its entirety.

**II.     STATEMENT OF FACTS**

In October 2018, Plaintiff underwent surgery on his ankle at Sharp Memorial Hospital (Sharp) and was uninsured at the time (FAC ¶¶11-12). Plaintiff sought, and Sharp gave Plaintiff an estimate of the out-of-pocket cost of the surgery. (FAC ¶¶13). Thereafter, Plaintiff received additional bills from EACMC, an unknown entity, requesting additional and unspecific amounts. (FAC ¶15).

In a January 25, 2019 letter, Plaintiff sought clarification of EACMC's charges' validity and requested verification of the amount owed. (FAC ¶17). Plaintiff and his wife continued to dispute the validity of EACMC's bills by phone and letter. (FAC ¶18). On or about January 6, 2020, Plaintiff called EACMC to discuss these charges (FAC ¶19). On or about January 20, 2020, Plaintiff received a collection notice from PMS on behalf of EACMC for $2,759.51 (FAC ¶20). On

or about February 18, 2020, Plaintiff received another collection notice from PMS for $723 on behalf of EACMC (FAC ¶21). On March 23, 2020, PMS responded to Plaintiff's attempts to dispute the debt, including his January 6, 2020 call. PMS advised Plaintiff that he now owed EACMC $3,535. (FAC ¶23). On May 1, 2020, PMS advised Plaintiff that EACMC advised PMS that Plaintiff now owed $3,562 (FAC ¶24). Mr. Fernandez is now under imminent threat of collection activity. (FAC ¶26) In addition, PMS reported the improper EACMC bills to credit bureaus as unpaid and overdue, damaging his credit score. (FAC ¶27). Plaintiff listed in the amended complaint multiple items charged by EACMC that are in collections and impacting his credit. (FAC ¶30). EACMC charged far more than the average amount a health plan would pay a doctor (in-network rates) (FAC ¶31.) and did so without a contract in place (FAC ¶¶34-36). The proposed class is All residents of California who received treatment from EACMC and received one or more communications from PMS seeking payments for that treatment and who were either out of network or uninsured at the time care was provided. (FAC ¶46). Plaintiff pled injunctive relief for violations of, among other things, the UCL and CLRA (FAC Prayer ¶3.)

### III. LEGAL STANDARD FOR MOTIONS TO STRIKE

Motions to strike class allegations "are generally disfavored." *McKinnon v. Dollar Thrifty Auto. Grp.*, Case No. 12-4457 SC, 2013 U.S. Dist. LEXIS 29095, at *7 (N.D. Cal. Mar. 4, 2013). Courts have held that rather than striking class allegations at the pleading stage, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." *Herron v. Best Buy Stores*, No. 12-cv-02103-GEB-JFM, 2013 U.S. Dist. LEXIS 116625, at* 14 (E.D. Cal. Aug. 15,2013); *Graves v. Sw. & Pac. Specialty Fin., Inc.*, No. C 13-1159 SBA, 2013 U.S. Dist. LEXIS 158512, at *7 (N.D. Cal. Nov. 4, 2013) ("[M]otions to strike class allegations are disfavored because a motion for class certification is a more

PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

appropriate vehicle for arguments pertaining to the class allegations.").

While FRCP Rule 12(f) provides that "a court may, on its own or on a motion, 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,'" motions to strike "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *McKinnon*, 2013 U.S. Dist. LEXIS, at *7-8.

In order to prevail on a motion to strike, a defendant must show that all legal issues are "clear and undisputed, and that under no set of circumstances could the claim succeed." *Shein v. Cannon U.S.A., Inc*., No. CV 0-07323 CAS (Ex), 2009 U.S. Dist. LEXIS 94109, at *23-*24 (C.D. Cal. Sept. 22, 2009). Because a motion to strike is rarely, if ever, granted, courts generally find that "these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." *Id*.

## IV. ARGUMENT

Defendant has articulated no basis upon which striking Plaintiff's class allegations would be appropriate.

### A. Defendant's Motion is Premature

The arguments advanced by Defendant EACMC have regularly been rejected by courts as an inappropriate basis for striking class allegations. *See Rice-Sherman v. Big Heart Pet Brands, Inc.,* No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197, at *44 (N.D. Cal. Mar. 16, 2020) (denying motion to strike plaintiff's class definition as premature, rejecting defendant's overbreadth concerns); *Ruegsegger v. Caliber Home Loans, Inc*., No. SA CV 17-0907-DOC (KESx), 2018 U.S. Dist. LEXIS 226567, at *92 (C.D. Cal. Apr. 30, 2018) (denying motion to strike class action allegations where no discovery had yet commenced); *Montemayor v. GC Services LP*, 302 F.R.D. 581, 588 (S.D. Cal. 2014) (denying motion to strike on ascertainability and predominance grounds); *Meyer v. Nat'l Tenant Network, Inc*., 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) (declining to consider the adequacy of

PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

class allegations on a motion to strike); *Ogola v. Chevron Corp.*, No. 14-cv-173-SC, 2014 U.S. Dist. LEXIS 117397, at *19 (N.D. Cal. Aug. 21, 2014) (denying motion to strike as premature, rejecting defendant's analysis of plaintiff's purported class under Rules 23(a) and 23(b)); *Iniguez v. The CBE Group*, 969 F.Supp.2d 1241, 1248 (E.D. Cal. 2013) (denying motion to strike as premature, noting that dismissal of class allegations at the pleadings stage is rare since no discovery had begun); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1246 (C.D. Cal. June 30, 2011) (denying motion to strike where defendant had not yet filed an answer and discovery had not commenced). *Unger v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 4366319, at *3 (C.D. Cal. July 16, 2015) (rejecting motion; noting that "courts are reluctant to determine disputed or substantial questions of law on a motion to strike"); *Dodd-Owens v. Kyphon, Inc.*, 2008 WL 410241, at *3 (N.D. Cal. Feb. 12, 2008) (denying motion to strike; finding "where, as here, it is not 'plain from the pleadings' that the class should not be certified[,] discovery and full briefing on class certification is warranted").[1]

---

[1] Courts in other circuits have likewise rejected such challenges. *See e.g. Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 Fed. Appx. 930 (11th Cir. 2016) (reversing grant of motion to strike; holding that discovery should have been permitted because a determination could not be made at the pleading stage as to whether individualized inquiries into damages would overwhelm any common issues); *McIntyre v. Rentgrow, Inc.*, 2019 WL 3494343, at *4 (D. Mass. Aug.1, 2019) (denying as premature a motion to strike on ascertainability and predominance grounds); *Legrand v. Intellicorp Records, Inc.*, 2016 WL 1161817 (N.D. Ohio Mar. 24, 2016) (denying motion to strike FCRA class allegations due to asserted ascertainability issues; rejecting argument that administrative difficulty is a bar to class certification); *Black v. Gen. Info. Servs.*, 2016 WL 899295 (N.D. Ohio Mar. 2, 2016) (same); *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 861 (M.D. Pa. 2015) (denying motion even though a portion of the class might have claims that were time-barred; observing that "relief under 12(f) is generally disfavored unless the allegations are unrelated to the controversy and failure to grant the motion would cause prejudice to a party"); *Bessette v. Avco Fin. Servs.*, 279 B.R. 442, 450 (D.R.I. 2002) (finding motions to strike class allegations should not be granted unless defendant can demonstrate that plaintiff can "establish no facts to make out a class";

## B. The Court Should Wait to Decide the Issues Raised in Defendant's Motion Until it Has Reviewed Plaintiff's Full Briefing on Class Certification

Defendant fails to explain why the Court should take the extraordinary step of engaging in piecemeal litigation and make class certification determinations or strike the Class allegations now, as opposed to deciding the issue at the class certification hearing and upon complete briefing. *See Beauperthuy v. 24 Hour Fitness USA, Inc.,* No. 06-0715-SC, 2006 WL 3422198, at *3 (N.D. Cal. 2006) ("It would be improper to allow Defendant to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion.").

Defendant's authority is either inapposite or supports Plaintiff. For example, Defendant cites to *Blackie v. Barrack*, 524 F.2d. 891, 900-901 (9th Cir. 1975) for the proposition that Rule 23(c)(1)(A) has "been used to properly consider the allegations of the complaint and answer in determining the existence of the prerequisites and grounds for a class action" (Def. Mtn. at 4). However, the Court in *Blackie* was ruling on Plaintiff's fully briefed class certification motion – the exact course of action that Plaintiff Fernandez asserts is the proper course here -- not a motion to strike. Defendant also cites to *Sanders v. Apple Inc.*, 672 F. Supp. 2d (N.D. Cal. 2009) as an example of a case where the court granted a motion to strike class allegations prior to discovery (Def. Mtn. at 4). *Sanders* is easily distinguished on the facts. The *Sanders* court found that the class was not ascertainable because it included any individual who owned a 20-inch Aluminum iMac, which meant that the class included individuals who did not purchase a 20-inch Aluminum iMac, who did not see or perceive the defendant's advertisements, and who suffered no damages as a result. *See id.* at 991. Here, Plaintiff's definition

---

noting that "[i]t is not appropriate to require plaintiff to establish that she can maintain a class action under Rule 23 before plaintiff even attempts to do so".

of the class does not suffer from such ascertainability concerns because the class definition is limited to those who experienced EACMC's improper practices when billing people with whom they have no contract for services.

### C. This Case is Well-Suited for Certification

In a nutshell, Plaintiff's claims are typical of those of the class because they arise from the same course of conduct by EACMC and are based on the same legal theories as all members of the class. Plaintiff is an adequate class representative because his claims are not antagonistic to the interests of the class and because he has hired counsel who are qualified and experienced in class actions and complex litigation. In addition, common issues of fact and law predominate. Whether or not EACMS's billing policies violate state and federal consumer protection laws are class-wide issues.

### D. Plaintiff Adequately Pled All Elements of Rules 23(a)

Defendant asserts that Plaintiff has not met all the elements of Rule 23(a) but only challenges typicality and adequacy. Both arguments fail.

#### 1. Plaintiff's Claims Are Typical of the Class

"The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp* Rule 23(a)(3) typicality is satisfied where a named plaintiff's claims are "reasonably co-extensive" with absent class members' claims. *Hanlon*, 150 F.3d at 1020; *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Defendant's argument that the treatment for each injury "can widely differ based on the patient's medical history and applicable insurance" and thus "Plaintiff's claims could not be typical of other putative class members unless all

PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

class members suffered broken ankles in the same general manner as Plaintiff *and EACMC charged similar amounts to such patients*" (Def. Mtn. at 6) misses the point. It is well-settled that the interests and claims of named plaintiffs and class members need not be identical; if their claims are based on the same legal or remedial theory, differing fact situations do not defeat typicality. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011)("Differing factual scenarios resulting in a claim of the same nature as other class members does not defeat typicality."); see also *Baghdasarian,* 258 F.R.D. at 389 (finding that typicality is met because Plaintiffs' claims "arise from the same scheme and challenge the same allegedly unlawful conduct."); *Keck v. Alibaba.com*, No. 17-cv-05672-BLF, 2018 U.S. Dist. LEXIS 148571, at *7 (N.D. Cal. Aug. 30, 2018) (finding that typicality is satisfied "by showing that the claims arise from the same course of conduct and are based on the same legal theory."); *Hanlon*, 150 F.3d at 1020 ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be identical."); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (rejecting argument that plaintiffs were not typical because their tires indicated wear that was not attributable to the alleged defect); *see also Baker v. Microsoft*, 797 F.3d 607, 611 (9th Cir 2015) (reversed on other grounds) ("[A]lthough individual factors may affect the timing and extent of the disc scratching, they do not affect whether the Xboxes were sold with a defective disc system."). Thus, typicality is met even if the named Plaintiff's experiences with the Defendants have not been identical as long as they are reasonably co-extensive with those of the classes they seek to represent.

Typicality is met here as Plaintiff and the proposed Classes assert the same claims arising from the same course of conduct. Plaintiff asserts that Defendant's practice of collecting on charges for medical care for uninsured and out-of-network patients that are far in excess of their reasonable value violate California state and federal law. There are no unique defenses to the class representative's claims which

7
PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

will be the major focus of the litigation.

### 2. Plaintiff Adequately Represents the Class

Rule 23(a)(4) requires Plaintiff to show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Class representatives are adequate when: (1) there is no conflict of interest between the representatives, their counsel, and absent class members; and (2) the representative and their counsel will "prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. Here, Plaintiff's interests are aligned with those of the Class members because they have all been harmed by the same common misconduct and seek the same relief. Plaintiff claims statutory violations for which he seeks restitution and injunctive relief for Defendant's unfair billing practices. Defendant's conclusory statement that Plaintiff, who is uninsured, cannot represent those who are insured but out-of-network (Def's Mtn. at 6) has no factual or legal basis. First, Plaintiff alleges that Defendant oppressively overcharges *both* uninsured *and* out-of-network patients (putative class members). *See e.g.* ¶¶ 30, 31. Second, Defendant makes no showing that Plaintiff has any conflicts with the putative class or that he will fail to prosecute the action vigorously on behalf of the class. The facts are to the contrary. Plaintiff understands his duties as a class representative and has retained multiple law firms highly experienced in complex consumer fraud class action litigation who are able to litigate this matter to trial. Plaintiff and his counsel are more than adequately situated to represent the class.

### E. Plaintiff Satisfies the Requirements of Rule 23(b)

In addition to meeting the four criteria of Rule 23(a), Plaintiff's claims also satisfy Rule 23(b)(3) because, "questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiff does not bring claims under Rule 23(b)(1) or (b)(2) as Defendant argues. However, even if he did, there is

clearly a risk of prejudice from separate actions as inconsistent or contradictory judgements would prejudice class members. Further, Plaintiff does, in fact, seek appropriate injunctive relief, which here would include requiring Defendant to reform its billing and collective practices, to include giving patients notice that EACMC will be treating and billing them separately from the hospital, providing them with an estimate of the bills that they should receive from EACMC, and taking steps to tie its billing rates to objective standards for setting reasonable prices for that treatment (or CPT code). Defendant's arguments as to Rule 23(b) fail.

### 1. Common Questions of Law Predominate

The core question in this case is whether collecting on charges for medical care that are far in excess of their reasonable value is illegal under California and federal laws. This is the common question of law for both uninsured and out-of-network class members.

### 2. A Class Action is Superior to Individual Actions

Rule 23(b)(3) also requires that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This superiority requirement is met where, as here, "recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin*, 617 F.3d at 1175 (citation omitted). Litigating the claims in this action will require Plaintiff to take numerous depositions of Defendants, review documents and retain experts. The cost to any single Class member to prosecute his or her individual action would be prohibitive and would vastly exceed their potential recovery of statutory and/or actual damages. Even if some Class members have relatively "large" claims, it would still be highly impractical – and inefficient – to replicate this work. *Newberg on Class Actions* § 18:40 (4th ed.) ("though the existence of small claims may be a strong factor in upholding a class, the class should not be denied merely because individual claims are large."). Further, individual claims would burden the judiciary, contravening the goals of efficiency and judicial economy advanced by

PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Rule 23. *See Wolin*, 617 F.3d at 1176 (finding superiority where alternative involves "filing hundreds of individual lawsuits that could involve duplicating discovery and costs that exceed the extent of proposed class members' individual injuries").

Finally, as the Ninth Circuit explained after *Comcast*, varying damage calculations do not defeat class certification. *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167-68 (9th Cir. 2014); *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) ("[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."). *Comcast* did not change this rule. Moreover, any Class member may opt out of the class if they elect to bring their own individual claim. The remedy is a scalpel not a hammer. It would be extremely prejudicial to Plaintiff and the putative class to preemptively decertify a class at the outset before any discovery has been had or Plaintiff has had the opportunity to put before the Court his Motion for Class Certification.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike Class Allegations in its entirety as it is premature and not supported by law or fact. In the alternative, if the Court were to rule against Plaintiff in any respect, Plaintiff respectfully requests leave to amend. While Plaintiff voluntarily amended his complaint once to address an oversight pointed out in Defendant's first Motion to Strike, that was before Plaintiff presented any arguments in opposition to Defendant's Motion and before the Court has had the opportunity to weigh in on any of the arguments set forth by the parties. There is no basis whatsoever to believe Plaintiff could not amend to satisfy any concerns the Court might have.

//

//

| | |
|---|---|
| Date: November 22, 2021 | Respectfully submitted,<br><br>**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**<br><br>By: /s/ Helen I. Zeldes<br>Helen I. Zeldes<br>*hzeldes@sshhzlaw.com*<br>501 W. Broadway, Suite 800<br>San Diego, California 92101<br><br>**CONSUMER ATTORNEY ADVOCATES INC.**<br>Patric Lester<br>5694 Mission Center Road, #358<br>San Diego, California 92108<br>Telephone: (619) 665-3888<br><br>**JUSTICE CATALYST LAW, INC.**<br>Janet Herold (186419)<br>*jherold@justicecatalyst.org*<br>123 William Street, 16th Floor<br>New York, New York 10038<br>Telephone: (202) 981-1124<br><br>*Attorneys for Plaintiff and the Class.* |