**SCHONBRUN SEPLOW**
**HARRIS HOFFMAN & ZELDES LLP**
HELEN I. ZELDES (220051)
hzeldes@sshhzlaw.com
BEN TRAVIS (305641)
btravis@sshhzlaw.com
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-4990

**CONSUMER ATTORNEY ADVOCATES INC.**
PATRIC LESTER (220092)
5694 Mission Center Road, #358
San Diego, California 92108
Telephone: (619) 665-3888

*Attorneys for Plaintiff.*

*[Additional attorneys listed on signature page]*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>Defendants. | Case No.: 3:21-cv-0841-BEN (WVG)<br>*Assigned to: Hon. Roger T. Benitez, Courtroom: 5A*<br><br>**PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT EACMC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6)**<br><br>*Hearing:*<br>*Date: December 13, 2021*<br>*Time: 10:30 a.m.*<br>*Ctrm: 5A* |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................1

II. FACTUAL BACKGROUND ......................................................................2

III. LEGAL STANDARD ..................................................................................3

IV. ARGUMENT ................................................................................................3

    A. Plaintiff Has Adequately Pled His UCL Claim .................................3

        1. Plaintiff Has Standing For His UCL Claim.............................3

        2. Plaintiff Has Adequately Alleged Claims Under All Three Prongs Of The UCL ................................................................6

            i. Plaintiff States a Claim Under the Unlawful Prong .......7

            ii. Plaintiff States a Claim Under the Unfair Prong ............7

            iii. Plaintiff States a Claim Under the Fraudulent Prong......8

    B. Plaintiff Has Adequately Pled His CLRA Claim ...............................9

V. CONCLUSION .............................................................................................9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Hector Fernandez ("Plaintiff") brings this action on behalf of a putative class of similarly situated individuals to hold Defendants Progressive Management Systems ("PMS") and Emergency and Acute Care Medical Corp. ("EACMC" or "Defendant") accountable for their abusive and illegal billing and collection practices. Defendant EACMC moves to dismiss Plaintiff's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA")[1] claims asserting that Plaintiff has failed to adequately allege his claims. Defendant is wrong on the facts and the law.

As to the UCL claim, Defendant's Motion to Dismiss ("MTD") asserts that Plaintiff does not have standing to bring the claim because he has not "lost money or property as a result of EACMC's conduct." MTD at 5. Defendant misapprehends the case law on point. The UCL standing requirement is generally understood to be the equivalent to Article III injury-in-fact, so long as the injury is "economic". However, it is well-settled that economic injury under the UCL may be met by: (1) an imminent threat of economic harm such as that posed by Defendant's collection efforts here; (2) an adverse report to a credit agency as happened here after Plaintiff disputed the surprise medical bills he received from Defendant; and (3) a partial payment of the bills in dispute, which as Defendant knows, happened here. *See* Argument, Section IV.A.1., below.[2]

---

[1] Defendant does not seek to dismiss Plaintiff's California Rosenthal Fair Debt Collection Practices Act ("CFDCPA") claim.

[2] Plaintiff alleged that he disputed the "numerous bills" he received. First Amended Complaint ("FAC") ¶17. As Defendant's records will show, this included a bill for $137 that he paid. While Plaintiff believes he has more than adequately alleged standing under the UCL for being subject to imminent collections efforts, including Defendant referring his disputed medical bills to credit bureaus, damaging his credit score (FAC ¶¶20-27), if the Court does not agree, Plaintiff seeks leave to amend to add this fact.

1
PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant also asserts that Plaintiff has not adequately stated his claims under both the UCL and CLRA, but again, the primary focus of those arguments is on the injury in fact standard. As explained below, Plaintiff has adequately stated a claim under both statutes, including meeting the test under the UCL for all three prongs of the statute.

Defendant's Motion to Dismiss should be denied in its entirety.

## II. FACTUAL BACKGROUND

In October 2018, Plaintiff underwent surgery on his ankle at Sharp Memorial Hospital (Sharp) and was uninsured at the time (FAC ¶¶11-12). Plaintiff sought, and Sharp gave Plaintiff an estimate of the out-of-pocket cost of the surgery. (FAC ¶13). Thereafter, Plaintiff received additional bills from EACMC, an unknown entity, requesting additional and unspecific amounts. (FAC ¶15). In a January 25, 2019 letter, Plaintiff sought clarification of EACMC's charges' validity and requested verification of the amount owed. (FAC ¶17). Plaintiff and his wife continued to dispute the validity of EACMC's bills by phone and letter. (FAC ¶18). On or about January 6, 2020, Plaintiff called EACMC to discuss these charges (FAC ¶19). On or about January 20, 2020, Plaintiff received a collection notice from PMS on behalf of EACMC for $2,759.51 (FAC ¶20). On or about February 18, 2020, Plaintiff received another collection notice from PMS for $723 on behalf of EACMC (FAC ¶21). On March 23, 2020, PMS responded to Plaintiff's attempts to dispute the debt, including his January 6, 2020 call. PMS advised Plaintiff that he now owed EACMC $3,535. (FAC ¶23). On May 1, 2020, PMS advised Plaintiff that EACMC advised PMS that Plaintiff now owed $3,562 (FAC ¶24). Mr. Fernandez is now under imminent threat of collection activity. (FAC ¶26). In addition, PMS reported the improper EACMC bills to credit bureaus as unpaid and overdue, damaging his credit score. (FAC ¶27). Plaintiff listed in the amended complaint multiple items charged by EACMC that are in collections and impacting his credit. (FAC ¶30). EACMC charged far more than the average amount a health
PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

plan would pay a doctor (in-network rates) (FAC ¶31), and did so without a contract in place (FAC ¶¶34-36).

## III.  LEGAL STANDARD

To overcome a motion to dismiss under Rule 12(b)(6), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks omitted). All factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019). The complaint need not contain detailed allegations; the standard requires "only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

In considering a Rule 12(b)(6) motion, the court does not inquire whether a plaintiff will ultimately prevail, only whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). If any deficiency is found on a motion to dismiss, leave to amend should be granted except in "extraordinary" cases. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

## IV.  ARGUMENT

### A.  Plaintiff Has Adequately Pled His UCL Claim

Defendant asserts that Plaintiff's claim should be dismissed because he does not have standing to bring his claim and he has not alleged that EACMC engaged in any unlawful, unfair or fraudulent conduct. MTD at 4. For the reasons stated below, Plaintiff's allegations do support standing under the UCL and he has adequately pled allegations that Defendant has violated all three prongs of the UCL.

#### 1.  Plaintiff Has Standing For His UCl Claim

Generally, the UCL standing requirement is understood as equivalent to Article III injury-in-fact, so long as the injury is "economic". Although Proposition 64's standing requirement is more restrictive than the federal law requirement

PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

because the injury must be economic, "the quantum of lost money or property necessary to show standing is only so much as would suffice to establish injury in fact." *Sarun v. Dignity Health*, 232 Cal. App. 4th 1159, 1167, (2014), as modified (Jan. 13, 2015).

In *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1383–84 (2010), the court explained that an "imminent" threat of legal injury—based on an Admission Agreement that obligated the uninsured patient to pay an inflated amount--was sufficient to meet UCL standing requirements. The Court stated:

> Even though the SAC alleges Hale has paid only $500 of her $14,447.65 medical bill, it also alleges the Admission Agreement obligates her to pay Sharp the balance on her account. Thus, she faces at least an imminent invasion or injury to a legally protected interest. (See *Troyk*, supra, 171 Cal.App.4th at p. 1346, 90 Cal.Rptr.3d 589.) The term "imminent" is defined as "ready to take place," "hanging threateningly over one's head," and "menacingly near." (Webster's 3d New Internat. Dict. (1993) p. 1130.) Certainly, this is not the type of action Proposition 64 was intended to squelch. Hale was a bona fide consumer of medical services.

*Hale* at 1383-84.

In *Sarun*, the court relied on *Hale*, holding that an invoice showing the inflated bill sufficed as an "imminent invasion", even though collection activity had not yet begun. *Sarun* at 1168-69. As the court noted "although Dignity had not begun any collection activity, the existence of an enforceable obligation, without more, ordinarily constitutes actual injury or injury in fact." *Id.* at 1167.

Here, Plaintiff has abundantly met the standards set forth in *Hale* and *Sarun*, alleging that he was subjected to Defendants' imminent collection efforts. FAC ¶¶20-26.

//

It is also well-settled that damage to credit supports a UCL claim. *See e.g.*, *Izsak v. Wells Fargo Bank, N.A.*, No. C 13-05362 SI, 2014 WL 1478711, at *5 (N.D. Cal. 2014 ("[d]amage to credit is sufficient to be a loss of money or property [supporting a UCL claim].") (*citing Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010)); *King v. Bank of Am., N.A.*, No. C-12-014168 JCS, 2012 U.S. Dist. LEXIS 141963, at *24 (N.D. Cal. Oct. 1, 2012) (allegations of diminished credit score satisfy the UCL's standing requirement); *Rex v. Chase Home Finance, LLC*, 905 F. Supp. 2d 1111, 1147 (C.D. Cal. 2012) ("[D]amage to credit" is a loss of money or property within the meaning of the UCL). Here, Plaintiff has pled that Defendants reported the improper EACMC bills to credit bureaus and caused damage to his credit. FAC ¶26.

Defendant contends that the lost money or property must be "eligible for restitution", citing to *Walker v. Geico Gen. Ins. Co*. (9th Cir. 2009) 558 F.3d 1025, 1027, which further cites to *Buckland v. Threshold Enters. Ltd*., 155 Cal. App. 4th 798 (Cal. Ct. App. 2007). MTD at 4-5. However, *Buckland* has been subsequently overruled and eligibility for restitution is not required to bring a claim under the UCL. *See Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 337 (2011). In *Kwikset,* the Court held that the standards for establishing standing and eligibility for restitution are wholly distinct and that a plaintiff can suffer a loss of money or property without a corresponding gain by the Defendant. *See, Id.* at 335-336. The Court held that "ineligibility for restitution is not a basis for denying standing under section 17204 and [we] disapprove those cases that have concluded otherwise." *Id.* at 337.

Defendant also misleadingly claims that there is no indication EACMC attempted to enforce a debt on Plaintiff's assets or that EACMC negatively reported information on Plaintiff's credit. MTD at 5.

Plaintiff received many bills from EACMC, all of which were surprise bills, as they were on top of direct bills from Sharp Hospital –where he went for surgery

5
PLAINTIFF HECTOR FERNANDEZ'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

and treatment, and from whom he received an estimate of charges, which included none of the charges from EACMC. FAC ¶¶ 13-17. Plaintiff disputed these bills, collectively, and in response to these disputes, EACMC has insisted on payment, referring those that Mr. Fernandez refused to pay to its agent, PMS. FAC ¶¶17-24. Mr. Fernandez, as Defendant is well aware, did pay one of the disputed bills in full – a bill for $137, which was for treatment of his ankle and an x-ray. Plaintiff referred to the array of bills he received from Defendant in FAC ¶17 and listed multiple items charged by EACMC that are in collections and impacting his credit in FAC ¶ 30. He did, however, pay the bill for $137 in full. Plaintiff specifically alleged that he now lives with an imminent threat that he will be forced to pay these improper bills, which is a clear and concrete harm. FAC ¶92.

Upon Mr. Fernandez's dispute of his bill, EACMC and PMS, carrying on their threats to him when they demanded immediate payment, reported these bills to various credit agencies, injuring his credit record, which is a clear and concrete economic injury. Plaintiff specifically pled that he suffered this concrete economic harm in FAC ¶27 and ¶92.

Plaintiff has adequately pled an injury in fact and lost money or property, easily meeting the standing requirements for a UCL claim against Defendant.

### 2. Plaintiff Has Adequately Alleged Claims Under All Three Prongs of the UCL

The UCL creates a cause of action for business practices that are: (1) unlawful, (2) unfair, or (3) fraudulent. Cal Bus. & Prof. Code § 17200. The UCL's coverage has been described as "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999.) Each prong of the UCL provides a separate and distinct theory of liability. *See South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999).

### i. Plaintiff States a Claim Under the Unlawful Prong

Plaintiff adequately states a claim under the unlawful prong of the UCL. By proscribing "any unlawful" business act or practice, the UCL "borrows" violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 396 (2013). Plaintiff's claim under the unlawful prong rests on Defendant's violation of the CFDCPA. Defendant's only argument on this point is that CFDCPA claim fails because Plaintiff cannot establish injury in fact to support a UCL claim. However, as discussed above, Plaintiff has adequately pled injury in fact (and has adequately pled the elements of his CFDCPA claim, which is not challenged by Defendant in this Motion), therefore he has adequately pled a claim under the unlawful prong of the UCL.

### ii. Plaintiff States a Claim Under the Unfair Prong

Plaintiff has also stated a claim under the unfair prong of the UCL. The "unfair" prong of the UCL creates a cause of action for a business practice that is unfair even if not proscribed by some other law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). The UCL does not define the term "unfair" and Courts have applied different tests. The Ninth Circuit recently restated the three tests that courts consider in evaluating this prong: (1) whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law; (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer. *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (internal citations and quotations omitted).

While Defendant's Motion only addresses the first of these tests, under any of the three tests Plaintiff has adequately pled a violation of the unfair prong of the

UCL. Under the first test (the "tethering" test), Plaintiff has challenged Defendant's billing and collections practices as tethered to and violative of California's public policy against unfair billing and collection practices as codified in the CFDCPA. FAC ¶86. Under the second test, Plaintiff has adequately pled that Defendant's deceptive and unfair billing and collections practices are unethical, unscrupulous and substantially injurious to consumers. FAC ¶87. As to the third test (the "balancing" test), the impacts on Plaintiff and the putative class, namely the excessive billing that is then sent to collections and reported on credit reports thereby damaging credit, is outweighed by any possible reasons, justifications and motives of Defendant, namely increased profits. FAC ¶88. Therefore, Plaintiff has adequately pled Defendant's violation of the unfair prong of the UCL.

### iii. Plaintiff States a Claim Under the Fraudulent Prong

As for the fraudulent prong, a plaintiff must show that members of the public are likely to be deceived by the practice, which is assessed under the reasonable consumer standard. *See, Friedman v. AARP, Inc.*, 855 F.3d 1047, 1055 (9th Cir., 2017). Plaintiff has adequately alleged with particularity, that Defendant sends extremely inflated medical bills asserting that these amounts are actually owed when they are not. *See* FAC ¶¶ 43, 99-100. Such acts rise to the level of fraud and are deceptive to a reasonable consumer. It is additionally well-settled in California courts that "whether a business practice is deceptive is an issue of fact not generally appropriate for decision on a motion to dismiss." *Maisel v. S.C. Johnson & Son, Inc.*, 2021 WL 1788397 at *8 (N.D. Cal. May 5, 2021). Therefore, Plaintiff has adequately pled violation of the fraudulent prong.

As Plaintiff has adequately pled violation of all three prongs of the UCL and has standing to bring a UCL claim, Defendant's Motion to Dismiss this claim should be denied.

//

//

### B. Plaintiff Has Adequately Pled His CLRA Claim

The CLRA finds to be unlawful, unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer. California Civil Code §1770(a). Plaintiff has adequately pled that Defendant engaged in unfair and deceptive acts, that Plaintiff was provided services, and that Plaintiff was harmed.

Defendant's Motion relies solely on two mistaken assumptions. First, that Plaintiff did not pay any money to Defendant. And second, that Defendant has not taken any action that harmed Plaintiff. However, as stated earlier in relation to the UCL claim, Plaintiff has suffered actual harm and damages both from the payment of money and from actions Defendant took. Plaintiff has made a partial payment to Defendant for the disputed medical bills. Due to Defendant's deceptive billing practices there now exists the imminent obligation to pay the remaining debt. And, Defendant through its agent, PMS, has reported the outstanding amounts on Plaintiff's credit report thereby harming his credit. Because Plaintiff has adequately alleged damage under the CLRA and has otherwise adequately pled the rest of his CLRA claim, Defendant's Motion to Dismiss this claim should be denied.

### V. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully urges that Defendant's Motion to Dismiss be denied in its entirety. In the alternative, Plaintiff respectfully requests leave to amend to include additional detail about his partial payment of the disputed medical bills and/or other allegations the Court deems necessary.[3]

---

[3] "The court should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV.P.15(a)(2). Further, dismissal without leave to amend is improper unless it is "clear beyond doubt that amendment of the complaint would be futile." *Ctr. for Biological Diversity v. Veneman, 394 F.3d 1108, 1114 (9th Cir. 2005)*. To the extent the Court believes dismissal is warranted on Plaintiff's UCL or CLRA claims, it is *not* "clear beyond doubt that amendment of [Plaintiff's] complaint would be futile." As stated earlier, if the Court finds Plaintiff's allegations of damage insufficient, Plaintiff can add additional facts to support that

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Date: November 22, 2021 | **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP** |
| 3 | | |
| 4 | | By:  /s/ Helen I. Zeldes |
| 5 | | Helen I. Zeldes<br>hzeldes@sshhzlaw.com |
| 6 | | 501 W. Broadway, Suite 800 |
| 7 | | San Diego, California 92101 |
| 8 | | **CONSUMER ATTORNEY ADVOCATES INC.** |
| 9 | | Patric Lester |
| 10 | | 5694 Mission Center Road, #358<br>San Diego, California 92108 |
| 11 | | Telephone: (619) 665-3888 |
| 12 | | |
| 13 | | **JUSTICE CATALYST LAW, INC.**<br>Janet Herold (186419) |
| 14 | | jherold@justicecatalyst.org |
| 15 | | 123 William Street, 16th Floor<br>New York, New York 10038 |
| 16 | | Telephone: (202) 981-1124 |
| 17 | | *Attorneys for Plaintiff and the Class.* |

---

he paid money in response to the disputed charges and fees. Defendant's assertion that Plaintiff has already been granted leave to amend is incorrect and should be disregarded. EACMC and Plaintiff stipulated to allow Plaintiff to file an amended complaint - the Court has never considered or ruled on Defendant's first Motion to Dismiss which was mooted by the filing of the FAC.