**Andrew A. Bao (SBN 247092)**
*aabao@ww.law*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone: (949) 475-9200**
**Facsimile: (949) 475-9203**

**Attorneys for Defendant**
**EMERGENCY AND ACUTE CARE MEDICAL CORPORATION**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>　　　　　Defendants. | CASE NO.: 3:21-CV-00841-BEN-WVG<br><br>Assigned to Hon. Roger T. Benitez<br>Magistrate: Hon. William V. Gallo<br>Courtroom: 5A<br><br>**DEFENDANT, EMERGENCY AND ACUTE CARE MEDICAL CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS UNDER FRCP RULE 23**<br><br>**Date:　　December 13, 2021**<br>**Time:　　10:30 a.m.**<br>**Courtrm:　5A**<br><br>Trial Date: None<br>Action Filed: April 30, 2021 |

　　　　Defendant EMERGENCY AND ACUTE CARE MEDICAL CORP.

("EACMC") hereby submits its Reply to Plaintiff HECTOR FERANDEZ's

("Plaintiff") Opposition to EACMC's Motion to Strike Plaintiff's Class Allegations

1

**WOLFE & WYMAN LLP**
ATTORNEYS & COUNSELORS AT LAW

w&w

1  pursuant to FRCP Rule 23[1].

2       Preliminarily, the Opposition spends significant time citing cases where courts

3  have refused to strike class action allegations at this early stage in the litigation.

4  Opposition, ECF No. 26 at 3-8. However, none of the cases hold that a motion to

5  strike class allegations is procedurally improper at this stage in the litigation.  If the

6  court finds the FAC fails to properly allege class allegations against EACMC, then it

7  is well within its power to grant the Motion to Strike the class allegations.  There is

8  nothing extraordinary about reaching such a conclusion at an early stage in the

9  litigation.  Indeed, the United States Supreme Court held that class action allegations

10  can be stricken before certification where "the issues are plain enough from the

11  pleadings to determine whether the interests of absent parties are fairly encompassed

12  within the named plaintiff's claim."  *General Telephone Co. of Southwest v. Falcon,*

13  457 U.S. 147, 160; 102 S.Ct. 2364 (1982).  Indeed, the purpose of a motion to strike at

14  this stage in the litigation is "to avoid the expenditure of time and money that must

15  arise from litigating spurious issues by dispensing with those issues prior to

16  trial." *Bureerong v. Uvawas,* 922 F. Supp. 1450, 1478 (C.D.Cal.1996).

17       Here, EACMC submits that a pleading which alleges a class of persons that a)

18  either did not have medical insurance or had out of network medical insurance; and b)

19  suffered an unidentified type of medical injury, is plain enough on its face that this

20  court can determine a class action is inappropriate here.  In such a situation, the parties

21  do not need to bear the expense of engaging in class certification discovery to reach

22  the same conclusion.  Plaintiff was given leave to amend and decided to combine two

23  proposed classed into one (Compare ECF No. 1 ¶¶43-44 to ECF No 16, ¶¶46-47).

24  Such a proposed class is simply untenable against EACMC, and if desired Plaintiff

25  can still proceed with the class allegations against other parties in this action.

26

27

28
_____
[1] The terms defined in EACMC's Motion to Strike are incorporated herein.

**REPLY TO OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS 3:21-CV-00841-BEN-WVG**

4102537.1

1  Accordingly, EACMC requests this court grant the motion to strike the class

2  allegations without leave to amend.

3  **I.      FRCP RULE 23(A) FACTORS**

4          The Opposition argues that the typicality fact is met because the FAC pleads

5  that the class member injuries resulted from the same course of conduct (Opposition,

6  ECF 26 at 6-7).  Here, the Opposition argues that all class members have suffered

7  injuries as a result of EACMC's practice of collecting on charges for medical care that

8  are far in excess to their reasonable value (Opposition, ECF 26 at 9).  Plaintiff is

9  uninsured (FAC, ECF No 16, ¶12), made no partial payments in response to

10  EACMC's alleged wrongful billing practices (not pled in FAC), and is alleged to have

11  been improperly billed for medical services relating to a broken ankle (FAC, ECF No.

12  16, ¶¶11-12).

13          Thus, while EACMC's motion to dismiss agreed that typicality does not require

14  the class members to suffer identical injuries, the Opposition's assertion that all class

15  members' injuries result from the same course of conduct does not in and of itself

16  satisfy the typicality requirement.  While injuries do not need to be identical, the

17  injuries have to be similar to some degree.  *Hanon v. Dataproducts Corp.*, 976 F.2d

18  497, 508 (9th Cir.1992).  Here, the proposed class members are either uninsured or out

19  of network (FAC, ECF No 16 at ¶¶46-47).  Charges that could be billed to uninsured

20  patients as opposed to insured patients would vary so widely that typicality could not

21  be met under such a proposed class of persons.  Furthermore, Plaintiff has made no

22  payments to EACMC in response to the alleged billing practices related to a broken

23  ankle.  The proposed class allegations would encompass any person whom received a

24  EACMC bill without any concern as to the amounts paid by the individual or the

25  medical services he/she/they were billed for.

26          The purpose of the typicality requirement is to "assure that the interest of the

27  named representative aligns with the interests of the class."  *Just Film, Inc. v. Buono,*

28  847 F. 3d 1108, 1116 (9th Cir. 2017).  Here, there are no assurances that an uninsured

**REPLY TO OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS 3:21-CV-00841-BEN-WVG**

4102537.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

1  individual who is not alleged to have paid any monies to EACMC for a specific,

2  individualized medical treatment would align with the interests of the proposed class.

3  For the same reason, and uninsured individual cannot be expected to adequately

4  represent a class of insured individuals that were out of network.  This has nothing to

5  do with the vigor of which Plaintiff will prosecute the action on behalf of out of

6  network class members.  Rather, the fact that a consumer whom does not have

7  medical insurance cannot adjudicate claims on a class wide level for potential class

8  members that are insured.  Such consumers are in completely different hemispheres

9  and there is nothing in the FAC that is alleged to demonstrate EACMC has treated out

10  of network patients the same as uninsured patients such as Plaintiff.

11  Accordingly, typicality and adequacy of representation are not met and this

12  motion to strike can be granted as a result thereto.

13  **II.    FRCP RULE 23(B) FACTORS**

14  EACMC's motion to strike challenged all three 23(b) factors.  Plaintiff asserts it

15  is not filing any claims under FRCP 23(b)(1) or (b)(2) but only under (b)(3).  As to

16  (b)(3), the Opposition argues that costs of any single class member adjudicating its

17  rights would be prohibitive and would vastly exceed their potential recover of

18  statutory and/or actual damages.  Furthermore, a class member can opt out of the class

19  if it desires to pursue the claim itself (Opposition, ECF 26 at 11-12).

20  However, the FDCPA and CFDCPA claims at the heart of this lawsuit allow a

21  prevailing party such as Plaintiff to recover attorney's fees and costs.  There is nothing

22  alleged in the FAC that would render costs of litigating the claims herein anymore

23  significant or extensive than any other lawsuit filed to address any grievance.

24  Otherwise, any claim could satisfy FRCP 23(b)(3) by simply asserting the costs of

25  discovery or expert retention would render an individual action prohibitive to a single

26  consumer.

27  Practically, class adjudication is a superior remedy in cases where damages are

28  minimal or so insignificant that it truly would not make sense to litigate on an

4

4102537.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

individual basis.  Here, we have alleged wrongful billing practices that charged Plaintiff thousands of dollars at a markup of "1,269%" of the market value (FAC, ECF No 16, ¶¶24, 33).  If a consumer felt it was wrongfully charged thousands of dollars for a specific medical treatment, these allegations are not minimal or insignificant by any means.  Actual damages would far exceed statutory damages in such situations, unlike class actions where use class member is perhaps entitled to $10 or $25 each.

Accordingly, the FAC has not provided any basis to allege a class action on behalf of either uninsured and insured individuals for varying, unidentified medical treatments could render a class action as a superior remedy.  Since the Opposition asserts that the class is solely based on FRCP 23(b)(3), the FAC has failed to satisfy this factor and this motion to strike can be granted as a result.

## III.   CONCLUSION

For the reasons set forth herein, the motion to strike should be dismissed and this case can move forward on the debt collection claims.

DATED:  December 6, 2021              WOLFE & WYMAN LLP


By:   */s/  Andrew A. Bao (SBN 247092)*
          ANDREW A. BAO
Attorneys for Defendant
**EMERGENCY AND ACUTE CARE
MEDICAL CORPORATION**
E-mail:  aabao@ww.law

**REPLY TO OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS 3:21-CV-00841-BEN-WVG**

4102537.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA**    )
                           )  **ss.**
**COUNTY OF ORANGE**       )

I, Kathleen S. Gambill, declare:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612.

On December 6, 2021, I served the document(s) described as

**DEFENDANT EMERGENCY AND ACUTE CARE MEDICAL CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS UNDER FRCP RULE 23**

on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐    **BY MAIL**: as follows:

    ☒    **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒    **BY ELECTRONIC MAIL** as follows:  I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case.  Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office**.**

☐    **BY OVERNIGHT COURIER SERVICE** as follows:  I caused such envelope to be delivered by overnight courier service to the offices of the addressee.  The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐    **STATE**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on December 6, 2021, at Irvine, California.

                              */s/ Kathleen S. Gambill*
                              KATHLEEN S. GAMBILL

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

**SERVICE LIST**
**United States District Court of California, Southern District (San Diego)**
**HECTOR FERNANDEZ v. PROGRESSIVE MANAGEMENT SYSTEMS, ET AL.**
**Case No.:  3:21-cv-00841-BEN-WVG**
**W&W File No. 1408-123**
**[Revised: November 3, 2021]**

| | |
|---|---|
| Helen Irene Zeldes, Esq.<br>Ben Travis, Esq.<br>SCHONBRUN SEPLOW HARRIS<br>HOFFMAN & ZELDES, LLP<br>501 West Broadway, Suite 800<br>San Diego, CA 92101 | Attorneys for Plaintiff, HECTOR FERNANDEZ<br><br>T:  619-400-4990<br>Email:  hzeldes@sshhzlaw.com<br>btravis@sshhzlaw.com |
| Janet M. Herold, Esq.<br>JUSTICE CATALYST LAW, INC.<br>123 William Street, 16th Floor<br>New York, NY 10039 | Attorneys for Plaintiff, HECTOR FERNANDEZ<br><br>T:  646-877-4510<br>Email:  jherold@justicecatalyst.org |
| Patric A. Lester, Esq.<br>CONSUMER ATTORNEY<br>ADVOCATES INC.<br>5694 Mission Center Rd., #358<br>San Diego, CA 92108 | Attorneys for Plaintiff HECTOR FERNANDEZ<br><br>T:  619-665-3888<br>Email:  pl@lesterlaw.com |
| James K. Schultz, Esq.<br>Kenneth A. Obashi, Esq.<br>Brittany L. Shaw, Esq.<br>SESSIONS ISRAEL & SHARTLE, LLP<br>1550 Hotel Circle North, Suite 260<br>San Diego, CA 92108 | Attorneys for Defendant R.M. GALICIA, INC. dba PROGRESSIVE MANAGEMENT SYSTEMS<br><br>T:  619-758-1891<br>F:  619-296-2013<br>Email:  jschultz@sessions.legal<br>kobashi@sessions.legal<br>bshaw@sessions.legal |