Andrew A. Bao (SBN 247092)
aabao@ww.law
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
EMERGENCY AND ACUTE CARE MEDICAL CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS and EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>　　　　　Defendants. | CASE NO.: 3:21-CV-00841-BEN-WVG<br><br>Assigned to Hon. Roger T. Benitez<br>Magistrate: Hon. William V. Gallo<br>Courtroom: 5A<br><br>**DEFENDANT, EMERGENCY AND ACUTE CARE MEDICAL CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　　　December 13, 2021<br>Time:　　　10:30 a.m.<br>Courtroom:　5A<br><br>Trial Date:　None Set<br>Action Filed: April 30, 2021 |

Defendant EMERGENCY AND ACUTE CARE MEDICAL CORP. ("EACMC") hereby submits its Reply to Plaintiff HECTOR FERNANDEZ's ("Plaintiff") Opposition to EACMC's Motion to Dismiss Plaintiff's FAC pursuant to FRCP Rule 12(b)(6)[1]. This action, as pled, is for alleged wrongful debt collection

---

[1] The terms defined in EACMC's Motion to Dismiss are incorporated herein.

practices and the court should not allow Plaintiff to also "piggyback" additional claims based on California statutes when Plaintiff has not suffered an actual injury as a result. Plaintiff may have standing to proceed with the UCL and CLRA claims against other parties in this action but has failed to allege such claims against EACMC as a matter of law. For the reasons set forth in EACMC's Motion to Dismiss and herein, the UCL and CLRA claims should be dismissed without leave to amend.

## I. The UCL Claim Should be Dismissed Without Leave to Amend

The fatal flaw in the FAC's claim for violation of the California UCL statutes against EACMC is its failure to allege Plaintiff has standing to assert this claim against EACMC. Plaintiff cites to *Sarun v. Dignity Health,* 232 Cal. App. 4th 1159 (2014) and *Hale v. Sharp Healthcare,* 183 Cal. App. 4th 1373 (2010) to assert that the FAC has properly pled Plaintiff has UCL standing (Opposition, ECF 27 at 6). Both of these cases are similar to the FAC to the extent the consumer / Plaintiff is asserting inappropriate charges were billed following the rendering of medical services. In both *Sarun* and *Hale,* the district court granted Defendants' demurrers and dismissed the cases, finding the plaintiffs did not have UCL standing.

While the state court of appeals overturned the district court's dismissal of the UCL claims in both the *Sarun* and *Hale* cases, there is a key difference between the *Sarun* and *Hale* decisions and this case. In *Hale*, the Plaintiff paid $500 as a result of the alleged wrongful billing. *Hale v. Sharp Healthcare, supra,* 183 Cal. App. 4th at 1383-1384. Furthermore, the defendant in *Hale* promised plaintiff it would provide medical services at "regular rates" but instead billed excessive amounts that exceeded such. *Id.* at 1385. Coupled with the fact that there was imminent harm (i.e., monies continue to be owed), this was enough to confer UCL standing on the plaintiff in *Hale*. *Id.*

In *Sarun,* likewise, plaintiff made a partial payment in response to the alleged unreasonable invoices for medical services. *Sarun v. Dignity Health ,supra,* 232 Cal. App. 4th at 1163. Furthermore, the defendant expressly provided information to

3
**REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT 3:21-CV-00841-BEN-WVG**

4101832.1

Plaintiff Sarun to apply for a discounted billing rate, and the court found that Sarun was therefore not merely "exposed" to the allegedly unlawful pricing system – Defendant Dignity's invoice instead required payment of a full sum unless Plaintiff Sarun sought affirmative relief. *Id.* at 1169. Coupled with the fact that there was imminent harm (i.e., monies continue to be owed), this was enough to confer UCL standing on the plaintiff in *Sarun. Id.*

Here, unlike the plaintiffs in the aforementioned cases, the FAC fails to allege Plaintiff paid one penny to EACMC or any person as a result of these allegedly inflated medical bills. Plaintiff appears to realize this fatal defect by asserting, for the first time in its opposition, that Plaintiff actually paid $137 at some unknown time to an unidentified person or entity (Opposition at 8, lines 5-11). Despite the Opposition citing multiple FAC paragraphs, none of these paragraphs reference Plaintiff making any payments at all. The FAC fails to allege this $137 payment was made to EACMC or Progressive at any time or why $137 would be paid in response to an alleged bill of $2,758.51. The FAC does not even allege any fact that could imply Plaintiff made payments to EACMC, Progressive, or any persons / entity as a result of its allegedly wrongful conduct.

Thus, the FAC's failure to allege Plaintiff made any payment to EACMC is fatal to establishing UCL standing. The Opposition attempts to argue around this defect by stating the FAC pleads that EACMC damaged Plaintiff's credit and cites to paragraph 26 of the FAC (Opposition, ECF No. 27 at 7). On the contrary, FAC ¶26 states that "Mr. Fernandez is now under imminent threat of collection activity" (FAC, ECF No. 16, ¶26). While the FAC alleges Plaintiff's credit score was damaged, the FAC alleges Progressive reported information to the credit bureaus, not EACMC (FAC, ECF No. 16, FAC ¶27). Accordingly, the FAC cannot use credit damage as a basis to allege injury in fact against EACMC for purposes of pleading a UCL claim.

Given the FAC's allegations, Plaintiff has only alleged imminent harm that may or may not occur in the future without alleging Plaintiff has suffered an injury in fact.

As a matter of law, this is not enough to satisfy the UCL standing requirement imposed by statute (Proposition 64) in 2014. The FAC fails to allege Plaintiff has made a payment of any kind in response to the allegedly unlawful or wrongful billing practices. This is likely because the issue in the case is whether EACMC's activity, through its debt collector agency, Progressive, violates the CFDCPA. This is a wholly separate situation and analysis from a consumer who can assert a UCL claim based on a resulting injury as opposed to prevailing on statutory damages. Thus, whether Plaintiff properly pled the three prongs of a UCL claim does confer standing on Plaintiff to plead a UCL claim in the first instance.

Accordingly, EACMC's motion to dismiss the UCL claim should be granted without leave to amend.

## II. The CLRA Claim should be dismissed Without Leave to Amend

The Opposition asserts that the FAC alleges Plaintiff made partial payments and is suffering continued harm is sufficient to assert a CLRA claim (Opposition, ECF 27 at 11). As set forth in the preceding sections, the FAC fails to allege Plaintiff made any payment to EACMC or to any other person or entity as a result of the allegedly unlawful or improper medical bills received. The Opposition fails to present any legal authority that alleging conclusory facts that may lead to potential imminent harm is sufficient to satisfy the CLRA's statutory requirement that the consumer suffered damages. Here, unlike most consumers who initiate a CLRA action, Plaintiff did not purchase a product or pay for services rendered. Rather, Plaintiff received medical services and now asserts the costs of medical services were inflated and or is improperly being collected in violation of the CFDCPA. This is not a basis to assert a CLRA claim.

///
///
///
///

## III. Conclusion

For the reasons set forth herein, the UCL and CLRA claims should be dismissed without leave to amend and this case can move forward on the debt collection claim.

DATED: December 6, 2021  WOLFE & WYMAN LLP

By:   */s/Andrew A. Bao (SBN 247092)*
     ANDREW A. BAO
Attorneys for Defendant
**EMERGENCY AND ACUTE CARE MEDICAL CORP.**
E-mail: aabao@ww.law

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF ORANGE      )

I, Kathleen S. Gambill, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612.

On December 6, 2021, I served the document(s) described as

**DEFENDANT, EMERGENCY AND ACUTE CARE MEDICAL CORP.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

☒ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**  I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on December 6, 2021, at Irvine, California.

  */s/ Kathleen S. Gambill*
  KATHLEEN S. GAMBILL

4011713.1

# SERVICE LIST
United States District Court of California, Southern District (San Diego)
HECTOR FERNANDEZ v. PROGRESSIVE MANAGEMENT SYSTEMS, ET AL.
Case No.: 3:21-cv-00841-BEN-WVG
W&W File No. 1408-123
[Revised: November 3, 2021]

| | |
|---|---|
| Helen Irene Zeldes, Esq.<br>Ben Travis, Esq.<br>SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP<br>501 West Broadway, Suite 800<br>San Diego, CA 92101 | Attorneys for Plaintiff, HECTOR FERNANDEZ<br><br>T: 619-400-4990<br>Email: hzeldes@sshhzlaw.com<br>btravis@sshhzlaw.com |
| Janet M. Herold, Esq.<br>JUSTICE CATALYST LAW, INC.<br>123 William Street, 16th Floor<br>New York, NY 10039 | Attorneys for Plaintiff, HECTOR FERNANDEZ<br><br>T: 646-877-4510<br>Email: jherold@justicecatalyst.org |
| Patric A. Lester, Esq.<br>CONSUMER ATTORNEY ADVOCATES INC.<br>5694 Mission Center Rd., #358<br>San Diego, CA 92108 | Attorneys for Plaintiff HECTOR FERNANDEZ<br><br>T: 619-665-3888<br>Email: pl@lesterlaw.com |
| James K. Schultz, Esq.<br>Kenneth A. Obashi, Esq.<br>Brittany L. Shaw, Esq.<br>SESSIONS ISRAEL & SHARTLE, LLP<br>1550 Hotel Circle North, Suite 260<br>San Diego, CA 92108 | Attorneys for Defendant R.M. GALICIA, INC. dba PROGRESSIVE MANAGEMENT SYSTEMS<br><br>T: 619-758-1891<br>F: 619-296-2013<br>Email: jschultz@sessions.legal<br>kobashi@sessions.legal<br>bshaw@sessions.legal |

4011713.1