**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS; EMERGENCY AND ACUTE CARE MEDICAL CORP.,<br><br>             Defendant. | Case No.: 3:21-cv-00841-BEN-WVG<br><br>**ORDER GRANTING MOTION TO WITHDRAW APPEARANCE OF COUNSEL**<br><br>**[ECF No. 32]** |

### I.    INTRODUCTION

Plaintiff HECTOR FERNANDEZ, individually and on behalf of all others similarly situated, ("Plaintiff") brings this action, alleging violation of various fair debt collection laws against Defendant R.M. GALICIA, INC., a California corporation doing business as PROGRESSIVE MANAGEMENT SYSTEMS ("PMS"), and EMERGENCY AND ACUTE CARE MEDICAL CORP., a California corporation ("EACMC") (collectively, "Defendants").  ECF No. 1.

On January 21, 2022, Ben Travis, counsel for Plaintiff, filed the instant Motion to Withdraw Appearance of Counsel.  ECF No. 32.  Mr. Travis advises that Plaintiff will

continue to be represented by other counsel from Schonbrun Seplow Harris Hoffman & Zeldes, LLP, and as such, will not be prejudiced. *Id.* at 2. Mr. Travis seeks to withdraw his appearance of counsel because he is departing the firm. Declaration of Ben Travis in Support of Motion to Withdraw, ECF No. 32-1 ("Travis Decl.") at 2, ¶ 2. His declaration states that a copy of this motion was served on Plaintiff, via electronic mail. *Id.* at 2, ¶ 7. For the reasons set for below, the Court **GRANTS** the Motion to Withdraw.

## II.    LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record. S.D. Cal. Civ. R. 83.3(f); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020). Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(j).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ. R. 83.3(f)(3)(b). California law governs issues of ethics and professional responsibility in federal courts. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them."); *but see Unified Sewerage Agency of Washington Cty., Oregon v. Jelco, Inc.*, 646 F.2d 1339, 1342 n.1 (9th Cir. 1981) ("We express no opinion on the law to apply where the district court has not designated the applicable rules of professional responsibility (*e.g.*, state law, the Model Code of Professional Responsibility, or a federal common law of

professional responsibility).").  Under Rule 1.16 of California's Rules of Professional Conduct, effective June 20, 2020, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal.

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-CV-2540-IEG-WVG, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013) (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, Case No. 09-CV-1301-IEG-POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010)).

## III. DISCUSSION

In the present case, Mr. Travis seeks permissive withdrawal because he is departing the law firm that represents Plaintiff.  Travis Decl. at 2, ¶ 2.  Mr. Travis submitted the declaration required by the Local Rules attesting to service on his client and the parties. *Id.* at 2, ¶ 6–7.  Because Plaintiff will continue to be represented by other members of the firm, Schonbrun Seplow Harris Hoffman & Zeldes, LLP, Plaintiff will suffer no prejudice by the Court granting this request.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** the Motion as follows:

1. Ben Travis's Motion to Withdraw as Counsel of Record is **GRANTED**.

2. The Clerk of Court shall update the docket to reflect the withdrawal of Mr. Travis, as counsel of record for Plaintiff.

3. Ms. Travis shall immediately serve Plaintiff with a copy of this Order and thereafter file a proof of service to confirm the same.

**IT IS SO ORDERED.**

DATED: January 27, 2022

**HON. ROGER T. BENITEZ**
United States District Judge