1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated, <br><br>             Plaintiff, <br><br> v. <br><br> PROGRESSIVE MANAGEMENT SYSTEMS; EMERGENCY AND ACUTE CARE MEDICAL CORP., <br><br>             Defendants. | Case No.:  3:21-cv-00841-BEN-WVG <br><br> **ORDER DENYING DEFENDANT EMERGENCY AND ACUTE CARE MEDICAL CORP.'S MOTION TO DISMISS AND MOTION TO STRIKE** <br><br><br> **[ECF Nos. 21 and 22]** |

## I.    INTRODUCTION

Plaintiff Hector Fernandez ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action, alleging violations of various fair debt collection laws against Defendants Progressive Management Systems ("Progressive") and Emergency and Acute Care Medical Corp. ("EACMC").  ECF No. 16.  Before the Court is EACMC's Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and EACMC's Motion to Strike Class Allegations under Rules 12(f) and 23.  ECF Nos. 21, 22.

The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 30. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** EACMC's Motion to Dismiss and Motion to Strike.

## II.   BACKGROUND

Plaintiff brings various claims relating to medical services he received and Defendants' subsequent billing and debt collection practices.

### A.   Statement of Facts[1]

On or about October 16, 2018, Plaintiff was admitted to "Sharp Memorial Hospital ("Sharp") in San Diego, California, after breaking his ankle in his home."  ECF No. 16 ("FAC") at 4, ¶ 11.  Plaintiff "recalls signing an admissions agreement with Sharp, but not with anyone else."  *Id.* at 4, ¶ 14. Plaintiff was uninsured when he received medical treatment. *Id.* at 4, ¶ 12.  Plaintiff sought an estimate for the cost of surgery and received a document entitled "Out-of-Pocket Estimate," in which Sharp estimated the cost to be $27,390.03.  *Id.* at 4, ¶ 13.  Plaintiff elected to proceed with the surgery.  *Id.* at 4, ¶ 11.

After the operation, Plaintiff "received bills from Sharp well in excess of the estimated price for his surgery."  *Id.* at 4, ¶¶ 11, 15.  Plaintiff alleges "[h]e thought, and had every reason to expect, that these large bills were the only bills he had to pay."  *Id.* at 4, ¶ 15.  In 2019, however, Plaintiff "received a series of bills from 'EA Health,' asking him to remit payment to [EACMC] for additional amounts."  *Id.*  On or about January 6, 2020, Plaintiff "called EACMC to discuss the charges."  *Id.* at 5, ¶ 19.  On January 22, 2020, Plaintiff received a collection notice from Progressive, collecting for EACMC and seeking $2,759.51.  *Id.* at 5, ¶ 20.  Plaintiff alleges that as an agent of EACMC, Progressive

---

[1]   The majority of the facts set forth are taken from Plaintiff's First Amended Complaint ("FAC"), and for purposes of ruling on EACMC's Motion to Dismiss, the Court assumes the truth of the allegations pled and liberally construes all allegations in favor of the non-moving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

collects debts on EACMC's behalf. *Id.* at 3, ¶ 9.

"On March 23, 2020, Progressive responded to [Plaintiff's] attempts to dispute the validity of the debt." *Id.* at 5, ¶ 23. Progressive claimed that Plaintiff now owed EACMC $3,535.00, factoring in 10 percent interest. *Id.* On May 1, 2020, Progressive responded again, claiming Plaintiff owed EACMC $3,652.00, including 10 percent interest. *Id.* at 5, ¶ 24. Progressive allegedly advised Plaintiff that "Our client [EACMC] has informed our office that these accounts have been reviewed by management and they have determined the charges to be appropriate for the care provided. [EACMC's] office advises that these charges are assigned from the treating physician." *Id.* Plaintiff alleges he is under "imminent threat of collection activity" from Defendants. *Id.* at 5, ¶ 26. Plaintiff further alleges Progressive "reported the improper EACMC bills to credit bureaus as unpaid and overdue, damaging [Plaintiff's] credit score" and "his ability to obtain credit." *Id* at 5, ¶ 27; 17, ¶ 92; 18, ¶ 101.

### B. <u>Procedural History</u>

Plaintiff initially brought suit against Progressive and EACMC on April 30, 2021. ECF No. 1. Plaintiff filed the FAC on October 6, 2021, bringing a class action suit and alleging violations of: (1) the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), against Progressive; (2) the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE section 1788, *et seq*. (the "Rosenthal Act"), against both Defendants; (3) California's Unfair Competition Law, CAL. BUS. & PROF CODE section 17200, *et seq*. (the "UCL"), against both Defendants; and (4) California's Consumers Legal Remedies Act, CAL. CIV. CODE section 1750, *et seq*. (the "CLRA"), against both Defendants. ECF No. 16 at 1. Plaintiff seeks to certify a class of "[a]ll residents of California who received treatment from EACMC and received one or more communications from Progressive seeking payments for that treatment, and who were either out of network or uninsured at the time care was provided." *Id.* at 10, ¶ 46.

On October 20, 2021, EACMC moved to dismiss Plaintiff's UCL and CLRA claims and strike Plaintiff's class allegations. ECF Nos. 21, 22.

III. **DISCUSSION**

EACMC seeks to dismiss the UCL and CLRA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike Plaintiff's class allegations pursuant to Rules 12(f) and 23. The Court **DENIES** both the Motion to Dismiss and the Motion to Strike.

A.   **Motion to Dismiss**

Under Rule 12(b)(6), a complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek*, 519 F.3d at 1031. A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

1.   **UCL Claim**

EACMC challenges Plaintiff's UCL claim for lack of standing and failure to state a claim. The Court finds that Plaintiff has standing to bring his UCL claim against EACMC and that the claim is pled with sufficiency.

i.   ***UCL Standing***

To establish standing under the UCL, a plaintiff must demonstrate that he has "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535. Narrower than Article III standing requirements, "[w]hereas a federal plaintiff's 'injury in fact' may be intangible and need not involve lost money or property… Proposition 64, in effect, added a requirement that a UCL plaintiff's 'injury in fact' specifically involve 'lost money or property.'" *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 14-cv-00751-GPC-DHB, 2016 WL 3543699, at *8 (S.D. Cal. June 29, 2016) (quoting *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th

1305, 1348, n.31 (2009)).  Although the injury-in-fact must be economic in nature, the UCL requirement "demands no more than the corresponding requirement under Article III of the U.S. Constitution." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (citing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013)).  As such, the "lost money or property" provision is satisfied when the plaintiff pleads "some form of economic injury." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011).

There are "innumerable ways in which economic injury from unfair competition may be shown." *Id.* at 323.  However, the plaintiff must demonstrate that the economic injury occurred as a result of a transaction with the defendant and is sufficient to show injury-in-fact for purposes of Article III standing. *Hinojos*, 718 F.3d at 1104 (citing *Kwikset*, 51 Cal. 4th at 323)).  Article III injury-in-fact standing requires the plaintiff to have "suffered [from]…an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

EACMC argues "the FAC fails to allege Plaintiff lost money or property as a result of EACMC's conduct," because "[t]here are no allegations Plaintiff *paid* the monies demanded by Progressive on behalf of EACMC." ECF No. 22-1 ("Motion") at 5.  EACMC elaborates that the allegations it charged unreasonable medical fees and/or misrepresented the amount of such "is not actionable under the UCL when Plaintiff has not lost any money or property as a result of these alleged unreasonable or misrepresented fees." *Id.*  Second, EACMC contends that "there are no allegations of *any* injury in fact," because no allegations state that "EACMC attempted to enforce a debt on Plaintiff's assets or that EACMC negatively report[ed] information on Plaintiff's credit." *Id.*

Plaintiff counters that the FAC's allegations of Defendants' imminent collection efforts and the damage to Plaintiff's credit establish UCL standing. ECF No. 27 ("Oppo.") at 6–7.  Plaintiff explains that he "can suffer a loss of money or property without a corresponding gain by the Defendant." *Id.* at 7.  Plaintiff also contends that he did pay in full one disputed bill to EACMC for $137.00. *Id.*   When Plaintiff did not pay the other

disputed EACMC bills, EACMC allegedly referred those bills to its agent, Progressive. *Id.* Plaintiff argues that "[u]pon disputing his bill, EACMC and [Progressive], carr[ied] on their threats to him when they demanded immediate payment, reported these bills to various credit agencies, injuring his credit score, which is a clear and concrete economic injury." *Id.*

EACMC replies that Plaintiff's alleged payment of $137.00 was raised for the first time in his Opposition and is not alleged in the FAC. ECF No. 29 ("Reply") at 3. EACMC maintains that "the FAC's failure to allege Plaintiff made any payment to EACMC is fatal to establishing UCL standing." *Id.* EACMC further contends the FAC alleges that Progressive, and not EACMC, reported the damaging information to the credit bureaus. *Id.* As such, EACMC argues the allegations of credit damage cannot be used against it for purposes of Plaintiff's UCL claim. *Id.* Finally, EACMC contends that the FAC only alleges speculative, imminent harm but no injury in fact. *Id.* The Court disagrees.

The FAC alleges that Plaintiff is "under imminent threat of collection activity," and that "[Progressive] reported the improper EACMC bills to credit bureaus as unpaid and overdue, damaging his credit score." FAC at 6, ¶¶ 26–27. The FAC further asserts that Progressive's reporting of EACMC's "unlawful bills as derogatory marks on [Plaintiff's] credit report, damag[ed] his ability to obtain credit." *Id.* at 17, ¶ 92. The FAC states that Plaintiff "suffered, and will continue to suffer, economic injury as a result of Defendants' acts set forth herein." *Id.* at 17, ¶ 91. Finally, the FAC alleges that "[Progressive] acts as an agent of Defendant EACMC and collects debts on EACMC's behalf." *Id.* at 3, ¶ 9. The Court finds these allegations sufficient to support standing under the UCL.

As an initial matter, EACMC is correct that the Court cannot consider Plaintiff's argument alleging he paid $137.00 to EACMC. Plaintiff made this argument for the first time in his Opposition and did not make this allegation, or any allegation that he paid money to EACMC, in his FAC. *Ning Xianhua v. Oath Holdings, Inc.*, 536 F. Supp. 3d 535, 559 (N.D. Cal. 2021) (citing *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)) (when resolving a motion to dismiss, courts cannot consider allegations

-6-

included in the plaintiff's opposition but not in the complaint).  Defendant, however, is incorrect that Plaintiff must have paid EACMC monies to establish UCL standing.  *See Kwikset*, 51 Cal. 4th at 323 (the lost money or property standard only requires a showing of some form of economic injury); *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1145 (C.D. Cal. 2012) (UCL standing does not require a tangible monetary expenditure); *Brown v. Google LLC*, No. 20-cv-03664-LHK, 2021 WL 6064009, at *15 (N.D. Cal. Dec. 22, 2021) (rejecting the argument that because the plaintiff did not pay any monies, they failed to plead UCL standing).

Here, the Court finds Plaintiff's economic injury is based on the alleged damage to his credit, and not prior payment of medical bills.  The FAC alleges the damage to Plaintiff's credit and his ability to obtain credit occurred because Progressive reported the alleged improper EACMC bills as "unpaid and overdue" to credit bureaus.  FAC at 6, ¶¶ 26–27; 17, ¶ 92.  Plaintiff's alleged credit damage constitutes an economic injury for purposes of UCL standing.  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010) (citations omitted) (explaining that a loss of credit constitutes a monetary loss and is an actual economic injury for purposes of UCL standing); *Rex*, 905 F. Supp. 2d at 1147 (basing UCL standing on allegations of the defendants providing credit reports with inaccurate and erroneous information); *Aho v. AmeriCredit Fin. Servs., Inc.*, No. 10-cv-01373-DMS-BLM, 2011 WL 2292810, at *2 (S.D. Cal. June 8, 2011) (finding UCL standing where the plaintiff's credit report was "negatively affected by [the] [d]efendant's reporting of the deficiency to credit reporting agencies"); *Izsak v. Wells Fargo Bank, N.A.*, No. C 13-05362 SI, 2014 WL 1478711, at *5 (N.D. Cal. Apr. 14, 2014) (citing *Rubio*, 613 F.3d at 1204) (explaining that "[d]amage to credit is sufficient to be a loss of money or property" in determining UCL standing); *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006) ("The perpetration of Credit Reports containing inaccurate erroneous information regarding 'due and owing' debts is a sufficient injury to grant Plaintiffs [UCL] standing."); *King v. Bank of Am., N.A.*, No. C-12-04168 JCS, 2012 WL 4685993, at *8 (N.D. Cal. Oct. 1, 2012) ("Allegations of a diminished credit score have

been found to satisfy the UCL's standing requirement."); *Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 38–39 (2015) (finding standing under the UCL where the plaintiffs alleged a diminished credit score after the defendant provided false and negative information to credit agencies); *Price v. Synapse Grp., Inc.*, No. 16-cv-01524-BAS-BLM, 2017 WL 3131700, at *4  (S.D. Cal. July 24, 2017) (finding a charge on a credit card to be an economic injury, when the charge was not actually paid, explaining "in a modern economy in which credit card transactions are a ubiquitous feature, deprivation of a consumer's credit line is surely among the most common" ways to show economic injury).

The Court also disagrees with EACMC's argument that only Progressive, not EACMC, caused the alleged damage to Plaintiff's credit.  Although Plaintiff alleges that Progressive reported the improper EACMC bills to credit bureaus as unpaid and overdue, Plaintiff specifically pleads that Progressive acted as an agent of EACMC to collect EACMC's debts.  FAC at 3, ¶ 9.  Because all reasonable inferences must be drawn in favor of Plaintiff, the Court does not find Progressive's alleged conduct to be independent of EACMC.  *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  Instead, the allegations convey that EACMC referred Plaintiff's debt to Progressive and, acting as EACMC's agent to collect the debt, Progressive reported the unpaid and overdue bills to credit bureaus, damaging Plaintiff's credit and ability to obtain credit.  FAC at 3, ¶ 9.  The reasonable inference is that resulting from Plaintiff's initial transaction with EACMC (receipt of the allegedly impermissible bills), the credit damage occurred when EACMC acted to collect the debt through its agent, Progressive.  *See id.* at 5, ¶¶ 20–24.  EACMC does not challenge Plaintiff's agency allegations, which are sufficient to establish UCL standing.  *See People v. JTH Tax, Inc.*, 212 Cal. App. 4th 1219, 1238–39 (2013) (principal-agency liability is available for [UCL claims]); *see also Rose v. Seamless Fin. Corp. Inc.*, 916 F. Supp. 2d 1160, 1169–70 (S.D. Cal. 2013) (a principal can be subject to UCL liability based on their agent's actions).  Accordingly, the Court finds that Plaintiff's alleged economic injury resulted from his initial transaction with

-8-

EACMC, and that Plaintiff sufficiently pleads UCL standing against EACMC.  *See Hinojos*, 718 F.3d at 1104.

### ii.      ***Failure to State a Claim***

EACMC also argues that the FAC fails to state a claim under the UCL.  California's UCL prohibits business acts or practices that are: (1) unlawful, (2) unfair, or (3) fraudulent. *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 878 (N.D. Cal. July 16, 2010); *see also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008). Each of these three prongs captures a separate and distinct theory of liability.  *See Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); CAL. BUS. & PROF. CODE section 17000.  The Court finds Plaintiff adequately pleads all prongs of UCL liability.

### a.      ***Unlawful Prong***

"A 'business act or practice' is 'unlawful' under the unfair competition law if it violates a rule contained in some other state or federal statute."  *Sandoz Inc. v. Amgen Inc.*, 137 S. Ct. 1664, 1673 (2017) (citing *Rose v. Bank of America, N. A.*, 57 Cal. 4th 390, 396 (2013)).  Where a plaintiff cannot state a claim under a "borrowed" law, he or she cannot state a UCL claim.  *See, e.g.*, *Ingels v. Westwood One Broad Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law"); *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010) (same).  But that is not the case here.

EACMC argues that Plaintiff does not satisfy the unlawful prong because the underlying Rosenthal Act claim fails without UCL standing.  Reply at 6.  As discussed *supra*, Plaintiff has standing to bring a UCL claim against EACMC.  *See supra* Part III.A.1.i.  Plaintiff's UCL claim is based on EACMC's alleged Rosenthal Act violations. FAC at 16, ¶ 86.  EACMC does not challenge the sufficiency of Plaintiff's claim under the Rosenthal Act except as to UCL standing.  *See generally* Motion.  Accordingly, Plaintiff sufficiently pleads the UCL unlawful prong by basing his UCL claim on his Rosenthal Act allegations.  *See Wells Fargo Bank, N.A. v. Chang*, No. 11-cv-03020-H-NLS, 2012 WL

13175879, at *5 (S.D. Cal. May 31, 2012) ("The Court concludes that Defendants have sufficiently pled a violation of the UCL through its sufficient pleading of a violation of the Rosenthal Act."); *Martindale v. MegaStar Fin. Corp.*, No. 22-cv-01983-MCE-DMC, 2021 WL 5331464, at *5 (E.D. Cal. Nov. 16, 2021) (the UCL unlawful prong can be premised on an alleged Rosenthal Act violation); *Rose*, 57 Cal. 4th at 397 (a well-pleaded violation of another statutory violation is sufficient to plead the UCL unlawful prong).

### b.   *Unfair prong*

The Ninth Circuit recently held that courts may consider three tests when analyzing the unfair prong of the UCL.  *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020), *cert. granted in part*, 141 S. Ct. 2882 (2021), *and cert. dismissed sub nom. CVS Pharmacy, Inc. v. Doe, One*, 142 S. Ct. 480 (2021).  First, "whether the challenged conduct is 'tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law . . . .'" *CVS Pharmacy*, 982 F.3d at 1214 (quoting *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010)).  Second, "whether the practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers . . . .'" *CVS Pharmacy*, 982 F.3d at 1214–15 (quoting *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009)).  Third, "whether the practice's impact on the victim outweighs 'the reasons, justifications and motives of the alleged wrongdoer.'" *CVS Pharmacy*, 982 F.3d at 1215 (quoting *Morgan*, 177 Cal. App. 4th at 1254).

EACMC argues "there are no claims that EACMC threatened or harms any competition in the industry," and that "[t]here is no specific public policy that EACMC is alleged to have violated that is tethered to constitutional, statutory, or regulatory provisions."  Motion at 6.  Essentially, EACMC challenges Plaintiff's UCL claim under the tethering test.  Plaintiff counters that his challenge to EACMC's "billing and collections practices are tethered to and violative of California's public policy against unfair billing and collection practices as codified in the [Rosenthal Act]."  Oppo. at 10 (citing FAC at 16, ¶ 86).

-10-

Plaintiff can properly tether his UCL claim to alleged violations of another statute.[2] *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1099 (N.D. Cal. 2014) (finding the plaintiff satisfied the UCL unfair prong because the claims were tethered to California's CLRA—another claim alleged by the plaintiff); *Ronald Cohn, Inc. v. Sprouts Farmers Mkt., Inc.*, No. 19-cv-00848-JAH-RBB, 2021 WL 120896, at *4 (S.D. Cal. Jan. 13, 2021) (holding the defendant's alleged violations of the California Franchise Investment Law were "tethered to legislatively declared policies."). Here, Plaintiff's assertion that EACMC engaged in misrepresentations to collect legally impermissible debts, which violates California's public policy against unfair debt collection under the Rosenthal Act, is sufficient to plead the UCL unfair prong. *See Moran v. Prime Healthcare Mgmt., Inc.*, 3 Cal. App. 5th 1131, 1151 (2016) (holding the defendant's demands that the plaintiff pay inflated medical bills was sufficient to plead the unfair prong of the UCL). Accordingly, the FAC sufficiently pleads the UCL unfair prong.

### c.   *Fraud Prong*

To satisfy the UCL fraud prong, a plaintiff must allege that a defendant engaged in a business practice "that is likely to deceive members of the public." *Morgan*, 177 Cal. App. 4th at 1255 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)). An allegation that a defendant's practice is deceptive is based on the likely effect it has on a reasonable consumer. *Tucker v. Pac. Bell Mobile Servs.*, 208 Cal. App. 4th 201, 226, (2012) (citing *Morgan*, 177 Cal. App. 4th at 1256–57). A particularized UCL fraud claim must allege the "who, what, when, where, and how" of the fraudulent conduct to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

EACMC argues "the FAC does not allege EACMC engaged in fraudulent business

---

[2]    Plaintiff argues that he satisfies all three tests under the UCL's unfair prong. Oppo. at 9. However, because EACMC challenges the UCL unfair prong under the tethering test only, the Court limits its analysis to this argument and Plaintiff's rebuttal.

practices, much less meet[s] the heightened pleading standard required by law." Motion at 7. EACMC further contends that Plaintiff's dispute as to the charges for services rendered does not rise to the level of fraud. *Id.* Plaintiff counters that he has pled with particularity EACMC's practice of sending "extremely inflated medical bills asserting that these amounts are actually owed when they are not." Oppo. at 10. Plaintiff further argues that whether a business practice is deceptive is not appropriate for resolution on a motion to dismiss. *Id.* The Court agrees.

Plaintiff's Opposition does not specify exactly how he pleads the UCL's fraud prong with particularity, but the Court is required to read the FAC in the light most favorable to Plaintiff. *See Does v. Wasden*, 982 F.3d 784, 790 (9th Cir. 2020). In doing so, the Court finds Plaintiff adequately pleads the who, what, when, where, and how for purposes of alleging fraudulent conduct under the UCL. Specifically, the FAC pleads: (1) the who, as EACMC and its alleged agent, Progressive; (2) the what, as the knowingly fraudulent misrepresentations of bills and deceptive collection notices seeking illegal and impermissible amounts; (3) the when, as the specific dates pled ranging between January and May 2020; (4) the where, as the bills and subsequent collections notices sent to Plaintiff and correspondence between Progressive and Plaintiff; and (5) the how, as sending the alleged illegal and impermissible bills and subsequent collection notices, referring to the bills as due and owing, and reporting the bills as unpaid to credit bureaus. FAC at 3, ¶ 9; 5, ¶¶ 20–24; 10, ¶ 42–44; 16–17, ¶¶ 89–92; 18, ¶¶ 99–101.

As to the reasonable consumer test, the Court cannot definitively determine whether reasonable consumers would be deceived by EACMC's allegedly unlawful billing and debt collection practices, because this is a question of fact inappropriate for resolution on a motion to dismiss. *See Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 WL 1788397, at *8 (N.D. Cal. May 5, 2021) (citing *Reid*, 780 F.3d at 958) (courts rarely grant a motion to dismiss based on a reasonable consumer standard as it raises questions of fact). Instead, "the Court need only decide whether it is plausible that 'a significant portion of the general consuming public or targeted consumers, acting reasonably in the

-12-

circumstances, could be misled.'" *Maisel*, No. 21-cv-00413-TSH, 2021 WL 1788397, at *8 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)) (internal quotation marks omitted). Given Plaintiff's allegations of particularity, as described above, the Court finds it plausible that reasonable consumers could be misled. Sending illegal and impermissible bills and subsequent collection notices, marking them as due and payable, could plausibly deceive a reasonable consumer into believing the debt was owed, especially if the bills were reported as unpaid to credit bureaus. Accordingly, the FAC sufficiently pleads the UCL fraud prong.

### 2. CLRA Claim

The CLRA provides that "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action . . ." to obtain various forms of relief. CAL. CIVIL CODE section 1780(a). "Any damage" under the CLRA does not necessitate a showing of pecuniary damages but, "some kind of damage must result." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009). "[T]he legislature 'set a low but nonetheless palpable threshold of damage'" for CLRA claims. *Doe 1 v. AOL, LLC*, 719 F. Supp. 2d 1102, 1111 (N.D. Cal. 2010) (quoting *Meyer*, 45 Cal. 4th at 646). "[A]ny plaintiff who has standing under the UCL's . . . 'lost money or property' requirement will, *a fortiori*, have suffered 'any damage' for purposes of establishing CLRA standing." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1132 (N.D. Cal. 2014) (quoting *Hinojos*, 718 F.3d at 1108).

EACMC argues that the CLRA claim should be dismissed because Plaintiff fails to allege "any damage" given that Plaintiff paid no money to EACMC and EACMC took no action that caused Plaintiff actual harm. Motion at 7–8. Plaintiff counters that he suffered damage through the money he paid EACMC, as well as the damage to his credit report, and his ability to obtain credit caused by EACMC through its agent, Progressive. Oppo. at 11; *see also* FAC at 3, ¶ 9; 6, ¶ 27; 11, ¶ 92.

As noted *supra*, Plaintiff's argument that he paid monies to EACMC fails because Plaintiff did not include this allegation in his FAC. *See supra* Part III.A.1.i. However, as

previously established, the alleged damage to Plaintiff's credit caused by Defendants' actions sufficiently pleads an economic injury that confers UCL standing. The alleged injuries supporting Plaintiff's UCL standing—damage to Plaintiff's credit report and his ability to obtain credit—are also sufficient to plead "any damage" under the CLRA. *Hinojos*, 718 F.3d at 1108 ("Because the 'any damage' standard includes even minor pecuniary damage, we conclude that any plaintiff who has standing under the UCL's . . . 'lost money or property' requirement will . . . have suffered 'any damage'" under the CLRA); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1382 (2012), as *modified on denial of reh'g* (Feb. 24, 2012) (equating economic injury under the UCL to injury under the CLRA); *see also DeCarlo v. Costco Wholesale Corp.*, 733 F. App'x 398, 400 (9th Cir. 2018) (conferring CLRA standing because UCL standing was sufficiently pled). Accordingly, the Court finds the FAC adequately pleads CLRA damages and **DENIES** EACMC's Motion to Dismiss Plaintiff's CLRA claim.

### B.     EACMC's Motion to Strike Class Allegations from the FAC

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Luxul Tech. Inc. v. NectarLux, LLC*, 2015 WL 4692571, at *3 (N.D. Cal. Aug. 6, 2015) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). The decision to grant a motion to strike ultimately lies within the discretion of the trial court. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271–72 (N.D. Cal. 2015) (citing *Whittlestone*, 618 F.3d at 973); *see Whittlestone*, 618 F.3d at 973 ("We review the district court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion.") (internal quotation marks omitted).

-14-

EACMC seeks to dismiss Plaintiff's class allegations set forth in the FAC, arguing they are plainly deficient under Rule 23 of the Federal Rules of Civil Procedure. ECF No. 21-1 ("MTS") at 5. EACMC specifically alleges Plaintiff plainly fails to plead the typicality and adequate representation elements under Rule 23(a) and none of the Rule 23(b) factors. *Id.* at 2. The Court rejects EACMC's Motion to Strike as premature.

Generally, class allegations are reviewed in a motion for class certification. *Thorpe v. Abbott Lab, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Baesel v. Mut. of Omaha Mortg., Inc.*, No. 20-cv-00886-DMS-AGS, 2020 WL 12675283, at *1 (S.D. Cal. Oct. 20, 2020) (citing *Thorpe*, 534 F. Supp. 2d at 1125–26). "Consequently, courts disfavor motions to strike classwide allegations filed at the pleading stage or before the plaintiff has had the opportunity to file a motion for class certification." *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 926 (S.D. Cal. 2021).

Although EACMC argues that class allegations may be stricken at the pleading stage, it has not shown that as a matter of law, the class cannot be certified. *See Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1236 (S.D. Cal. 2009) (explaining it could not "determine from the face of the pleadings that a class [wa]s not certifiable as a matter of law, as there [we]re factual and legal issues yet to be determined."). For example, EACMC asserts that Plaintiff's class fails on adequacy of representation because out-of-market and insured individuals are "in vastly different circumstances when seeking health care." MTS at 6. This is a question of fact to be fleshed out during discovery. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[The defendant] has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed. In the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling."). The same is true for EACMC's argument that each patient's injuries and subsequent charges "would be highly individualized" and "vastly differ." MTS at 5.

EACMC is also incorrect that Plaintiff bears the burden of proving the class is

certifiable.  In the context of a motion for class certification, a plaintiff would bear the burden of proof.  *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1340 (D. Or. 2014), *aff'd*, 716 F. App'x 729 (9th Cir. 2018) (same). However, "in the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is *not* certifiable." *Bates*, 993 F. Supp. at 1340.  Because questions of fact remain, EACMC has not shown that Plaintiff's proposed class is plainly not certifiable as a matter of law.  *See Lyons*, 718 F. Supp. 2d at 1236.  Accordingly, EACMC's Motion to Strike Class Allegations in the FAC is **DENIED** *without prejudice* and reserved for a class certification motion.

IV.   **CONCLUSION**

For the above reasons, the Court **ORDERS** as follows:

1.   Defendant EACMC's Motion to Dismiss the FAC pursuant to Rule 12(b)(6) is **DENIED**.

2.   Defendant EACMC's Motion to Strike the Class Allegations from the FAC pursuant to Rules 12(f) and 23 is **DENIED.**

**IT IS SO ORDERED.**

DATED:   July 7, 2022

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-16-