UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS, INC., et al.,<br><br>         Defendants. | Case No.: 21-CV-841-BEN-WVG<br><br>**ORDER ON JOINT MOTION TO AMEND SCHEDULING ORDER** |

Before the Court is the Parties Joint Motion to Amend Scheduling Order ("Joint Motion"). (Doc. No. 66.) The Parties move the Court for 90-day continuances of all dates set forth in the operative January 25, 2023, Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order"). The Parties argue the Scheduling Order should be modified to accommodate a short-staffing issue and a breakdown in communication amongst Plaintiff's counsel, both of which have purportedly hampered Plaintiff's ability to litigate this case. Having reviewed and considered the entirety of the Parties' submissions, the Court DENIES the Joint Motion without prejudice. The Court explains below.

///

On January 20, 2023, this Court convened a Video Case Management Conference ("CMC") pursuant to the Court's November 21, 2022, Order. (Doc. No. 55.) Following the CMC, the Court issued the operative Scheduling Order, which set a June 30, 2023, deadline to file a motion for class certification and an August 28, 2023, fact discovery cut-off, amongst other dates. (Doc. No. 63.) Since the Scheduling Order's issuance on January 25, 2023, Plaintiff filed two Motions to Withdraw as Attorney, which are now pending before presiding District Judge Roger T. Benitez. (Doc. Nos. 64, 65.) The instant Joint Motion explains the "sudden change in representation and significant reduction in staffing of the case" has obstructed Plaintiff's ability to meet existing deadlines. (Doc. No. 66, 2:13-17.) The Joint Motion adds that the two firms seeking to withdraw as Plaintiff's counsel here were conducting settlement discussions with Defendant that were unbeknownst to Plaintiff's ongoing counsel, the law firm of Schonbrun Seplow Harris Hoffman & Zeldes, LLP ("SSHHZ"). (*Id.*) SSHHZ contends these purportedly clandestine settlement discussions "paused the litigation for a period of time," and further stalled SSHHZ's "ability to move for certification on the current schedule." (*Id.*, 2:15-17.)

To dispel any misconceptions, the Court – not the Parties – decides whether to continue or stay any proceedings in this litigation. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). There was no Court-endorsed continuance or stay of any proceedings in this Action. Certainly, none would have issued for the reasons supplied in the Parties' Joint Motion. Plaintiff's short-staffing dilemma and the purported breakdown in communication amongst his attorneys are inadequate bases to support a finding of good cause here. As to the former, none of Plaintiff's attorneys may withdraw from this case absent an order from District Judge Benitez. Given that District Judge Benitez has not yet resolved Plaintiff's two pending Motions to Withdraw as Attorney, there should be no short staffing issue at present.

Moreover, as a fundamental matter, Rule 16(b) of the Federal Rules of Civil Procedure ("Rule 16(b)") makes clear that good cause hinges upon the Parties' threshold showing of their diligence to meet existing deadlines. *United States for use & benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1056 (S.D. Cal. May 8, 2020) (citing

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) for proposition that, if the moving party fails to demonstrate diligence, the court's inquiry into modifying the scheduling order should end.). No diligence has been shown in this case. The Joint Motion indicates that, following the Early Neutral Evaluation Conference ("ENE"), the Parties continued their settlement discussions and informally exchanged "additional information." (*Id.*, 2:20-23.) Without more, the Parties fail to clear the diligence bar Rule 16(b) imposes. The Court takes the Joint Motion's silence as to propounded written discovery, the noticing and taking of depositions, the service of subpoenas, and other like discovery tools as a failure to undertake discovery with alacrity. The Court will not reward a sluggish response to the Scheduling Order by granting continuances of any length.

Separately, and as noted, it is glaring that the Parties unilaterally decided their informal settlement discussions would stay their ongoing obligations to meet the operative deadlines. To that end, the Court finds dubious SSHHZ's representation that it knew nothing of its co-counsel's settlement discussions with Defendants because, in the same breath, SSHHZ argues those discussions paused the litigation. In other words, it defies comprehension how SSHHZ could not have known about its colleagues purported settlement discussions with opposing counsel while concurrently acknowledging SSHHZ was aware that litigation had "stalled." (Doc. No. 66, 2:15-17.) Plaintiff cannot have it both ways. As explained, the Parties cannot opt out of the Scheduling Order's directives and are bound by all dates and deadlines set by this Court. Accordingly, the Parties' Joint Motion is DENIED without prejudice. Should the Parties seek to renew their instant request, they shall (1) account for all tasks accomplished to date in an effort to meet the existing deadlines, (2) explain what obstacles currently exist to impede those efforts, and (3) itemize all actions the Parties have undertaken to overcome such obstacles. Absent such a showing, consistent with Rule 16(b), the Court will not modify the dates set forth in the operative Scheduling Order.

**IT IS SO ORDERED.**

DATED: March 31, 2023

Hon. William V. Gallo
United States Magistrate Judge